[No. B139322. Second Dist., Div. Four. Dec. 22, 2000.]

THE PEOPLE ex rel. 20th CENTURY INSURANCE COMPANY, Plaintiff and Respondent, v. BUILDING PERMIT CONSULTANTS, INC., et al., Defendants and Appellants.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II of the Discussion.

## COUNSEL

Engstrom, Lipscomb & Lack, Walter J. Lack, Karen L. Hindin, Jared W. Beilke for Defendants and Appellants.

Manning & Marder, Kass, Ellrod, Ramirez, John A. Marder, Dennis B. Kass, David J. Wilson and Julie M. Fleming for Plaintiff and Respondent.

## OPINION

**EPSTEIN, J.**—Building Permit Consultants, Inc., and John Kaldawi appeal from an order denying a special motion to strike an action as a "SLAPP" (strategic lawsuits against public participation) suit. We affirm the order of the trial court.

### FACTUAL AND PROCEDURAL BACKGROUND

The underlying lawsuit is brought by 20th Century Insurance Company. Defendant Building Permit Consultants is a company assisting individuals in compiling and preparing repair estimates. Defendant John Kaldawi is the owner of the company.

The following is alleged in the complaint. Defendants were part of a scheme to increase the amount of money 20th Century paid to defendants' clients who suffered damage from the Northridge earthquake of January 17, 1994. Defendants "cold called" and sent direct mail to large numbers of homeowners in the Northridge area after the earthquake. Defendants persuaded homeowners to enter into allegedly illegal contracts by which defendants were to receive up to 50 percent of the insurance proceeds recovered from the homeowners' claims. Defendants then prepared damage and repair estimates, expert reports, billings, and other documents for use in support of filing allegedly false and fraudulent claims. In cases where 20th Century did not pay the amount of insurance benefits demanded by the defendants and their clients, defendants (1) invoked an appraisal process and selected biased appraisers who defendants knew would adopt and advocate the fraudulent and inflated cost estimates and repair recommendations prepared by defendants; and (2) referred clients to attorneys who were instructed to file litigation and advance the fraud.

The complaint relies, in part, on violation of Insurance Code section 1871.7, subdivision (a), which makes it unlawful "to procure clients or patients to perform or obtain services or benefits under a contract of insurance or that will be the basis for a claim against an insured individual or his or her insurer." Plaintiff seeks over $50 million in damages in the underlying suit.

Defendants Kaldawi and Building Permit Consultants brought a special motion to strike the complaint pursuant to Code of Civil Procedure section

425.16, the anti-SLAPP statute.[1] The trial court denied the motion. The denial order is appealable (§§ 425.16, subd. (j), 904.1), and defendants have filed this timely appeal.

DISCUSSION

I

■ A SLAPP suit is "a meritless suit filed primarily to chill the defendant's free exercise of First Amendment rights." (*Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 815, fn. 2 [33 Cal.Rptr.2d 446].) In response to an increase in such lawsuits, the Legislature enacted the anti-SLAPP statute to "encourage continued participation in matters of public significance," and to prevent chilling participation "through abuse of the judicial process." (§ 425.16, subd. (a).)

Section 425.16, subdivision (e) provides: "As used in this section, 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

Under the anti-SLAPP statute, defendants have the initial burden of establishing a prima facie case that the action arose from acts in furtherance of their right of petition or free speech. Once the defendants establish their prima facie case, the burden shifts to the plaintiff to establish that it is likely to prevail on the merits. (§ 425.16, subd. (b)(1); *Wilcox v. Superior Court, supra,* 27 Cal.App.4th at pp. 820-821.)

Defendants' initial contention is that the trial court should have stricken the underlying lawsuit because the conduct it alleged was wrongful was in

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise stated.

furtherance of defendants' rights of petition and free speech. Defendants argue their free speech rights are implicated by the complaint's allegation of improper cold-calling and direct mail solicitation of homeowners. ▉ Their discussion on this point is conclusory and fails to cite any authority to support the claim. Such a presentation amounts to an abandonment of the issue. (See *Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948 [36 Cal.Rptr.2d 360]; *Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873 [105 Cal.Rptr. 395].)

▉ Defendants also argue their right to petition is implicated by the allegation that they prepared and used false and fraudulent damage reports and repair estimates. In its complaint, plaintiff alleged that in cases where a homeowner had been paid by 20th Century for earthquake damage, "defendants would prepare a false and fraudulent report which indicated that the earthquake damage was more extensive than previously claimed by the homeowner and paid for by ex rel. Plaintiff 20th Century. Defendants falsely and fraudulently attributed damage to the Northridge earthquake when, as defendants were aware, there was no damage at all or, if there was damage, it resulted from causes other than the Northridge earthquake." The complaint also alleged that the defendants "knowingly and intentionally . . . created false and misleading estimates, expert reports, and other documents with the specific knowledge and intent that said false and misleading writings would be presented to ex rel. Plaintiff 20th Century in support of an insurance claim or lawsuit. In preparing, creating or submitting false and misleading documents the defendants sought to receive payment of earthquake benefits for damage that was never sustained, repairs that were unnecessary, or costs that were grossly inflated . . . ."

The defendants' motion to dismiss the lawsuit as a SLAPP action was supported by the declaration of defendant John Kaldawi. In it, he explained that the damage reports "were prepared for submission to clients and their legal counsel who ultimately submitted them to 20th CENTURY in support of their earthquake claims. The majority of these damage reports were prepared in anticipation of litigation. These damage reports often became the subject of discovery requests in pending lawsuits."

Based on an independent review of the evidence, we conclude that defendants have failed to make a prima facie showing that the lawsuit was brought to chill their First Amendment rights. While some of the reports eventually were used in official proceedings or litigation, they were not created "before," or "in connection with an issue under consideration or

review by a legislative, executive, or judicial body, or any other official proceeding authorized by law." (§ 425.16, subd. (e)(1) & (2).) The underlying lawsuit does not fall within the anti-SLAPP suit description.

Several recent cases illustrate what constitutes an anti-SLAPP action entitled to the protection of the statute. In *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1115 [81 Cal.Rptr.2d 471, 969 P.2d 564], filing a complaint and prosecuting a small claims court action were considered writings "in connection with" issues under review by official proceedings and protected under section 425.16. In *Dove Audio, Inc. v. Rosenfeld, Meyer & Susman* (1996) 47 Cal.App.4th 777, 784 [54 Cal.Rptr.2d 830], a complaint to the Attorney General seeking an investigation was also protected as a communication made in connection with an official proceeding. And in *Wilcox v. Superior Court, supra,* 27 Cal.App.4th at pages 821-822, statements made urging shorthand reporters to contribute to the cost of pursuing litigation to challenge the practice of direct contracting was considered to be rationally connected to the litigation.

Here, the damage reports were sent to 20th Century Insurance to demand performance on the insurance contract. At the time defendants created and submitted their reports and claims, there was no "issue under consideration" pending before any official proceeding. If we protect the reports and claims under section 425.16 because they eventually could be used in connection with an official proceeding, we would effectively be providing immunity for any kind of criminal fraud so long as the defrauding party was willing to take its cause to court. Defendants have cited nothing to us that demonstrates the anti-SLAPP law embraces such actions. We are satisfied it does not.

Consequently, we conclude the trial court was correct in denying defendants' special motion to strike, since defendants failed to make a prima facie showing that the causes of action in the lawsuit arose from free speech or petition activity. (§ 425.16, subd. (b)(1).) In light of our determination that defendants have not met their initial burden, we need not consider defendants' other contention, that plaintiff cannot demonstrate a probability of prevailing on the underlying suit.

II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

*See footnote, *ante*, page 280.

## Disposition

The order is affirmed. Plaintiff is to have its costs on appeal.

Vogel (C. S.), P. J., and Curry, J., concurred.