[No. B149642. Second Dist., Div. Seven. Jan. 30, 2002.]

KAJIMA ENGINEERING AND CONSTRUCTION, INC., Plaintiff, Cross-defendant, and Appellant, v.
CITY OF LOS ANGELES, Defendant, Cross-complainant and Appellant.

## COUNSEL

Thelen Reid & Priest, John B. Clark, Timothy L. Pierce and Amy L. Rubinfeld for Plaintiff, Cross-defendant and Appellant.

Arter & Hadden, William S. Davis, Gerald M. Fisher, Kenneth F. Mattfeld; Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, Patricia L. Glaser, Alisa Morgenthaler Lever; Okamoto, Wasserman & Torii, Vincent H. Okamoto, Ronald T. Wasserman; Rockard J. Delgadillo, City Attorney, Richard M. Helgeson and David McKenna, Assistant City Attorneys, for Defendant, Cross-complainant and Appellant.

## OPINION

**PERLUSS, J.**—Kajima Engineering and Construction, Inc. (Kajima) sued the City of Los Angeles (the City), claiming it was owed payment for work on a reconstruction project at the Badger Avenue Bridge in the Port of Los

Angeles. The City cross-complained, alleging causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing. The City later amended its cross-complaint and added 19 causes of action.

Kajima moved under Code of Civil Procedure section 425.16[1] to strike the amended cross-complaint as a SLAPP (strategic lawsuits against public participation) suit. The trial court initially granted the motion. On the City's motion, however, the trial court reversed its prior decision and reinstated all but the 12th cause of action in the amended cross-complaint. Kajima appeals, contending the other 18 causes of action added by the amended cross-complaint should have been stricken. We affirm.[2]

The test for determining whether an action is a SLAPP suit within the purview of section 425.16 is generally well defined by the case law. (See, e.g., *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106 [81 Cal.Rptr.2d 471, 969 P.2d 564]; *Wilcox v. Superior Court* (1994) 27 Cal.App.4th 809, 815-822 [33 Cal.Rptr.2d 446].) We publish this opinion, however, to emphasize that a cross-complaint or independent lawsuit filed in response to, or in retaliation for, threatened or actual litigation is not subject to the anti-SLAPP statute simply because it may be viewed as an oppressive litigation tactic. No lawsuit is properly subject to a special motion to strike under section 425.16 unless its allegations arise from acts in furtherance of the right of petition or free speech.

FACTUAL AND PROCEDURAL BACKGROUND

Kajima sued the City for breach of contract and related causes of action arising from a reconstruction project on the Badger Avenue Bridge in the

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

[2] Kajima moved to dismiss the entire amended cross-complaint. In its reply papers, however, Kajima represented to the trial court that it did not seek dismissal of the two causes of action for breach of contract and breach of the implied covenant of good faith and fair dealing in the City's original cross-complaint, but only the new 19 causes of action added by the amended cross-complaint.

In both its opening and reply briefs on appeal Kajima continued to challenge "the City's 19 belated cross-claims" as violating section 425.16. At oral argument, however, Kajima argued that all 21 causes of action in the amended cross-complaint, including the original breach of contract and breach of the implied covenant causes of action, should be struck pursuant to the anti-SLAPP statute. Because this argument was raised for the first time at oral argument, we need not consider it. (See *Sunset Drive Corp. v. City of Redlands* (1999) 73 Cal.App.4th 215, 226 [86 Cal.Rptr.2d 209] ["Absent a sufficient showing of justification for the failure to raise an issue in a timely fashion, we need not consider any issue which, although raised at oral argument, was not adequately raised in the briefs"].) In any event, the argument on its merits fails. If, as we find, the causes of action added by the amended cross-complaint (with the exception of the 12th cause of action) do not trigger the anti-SLAPP statute, then it is axiomatic that the breach of contract and bad faith causes of action would not do so.

Port of Los Angeles for which the City had hired Kajima to perform certain work. Kajima alleges it completed the work required under the contract, but the City failed to pay the balance due as well as additional sums incurred during performance of the contract. Kajima also claims it is entitled to indemnity for attorney fees it incurred in lawsuits arising out of the project. The lawsuit seeks damages of approximately $35 million, plus prejudgment interest, costs and attorney fees.

The City cross-complained against Kajima, alleging breach of contract and breach of the implied covenant of good faith and fair dealing in connection with Kajima's bidding and work on the project.[3]

The City later filed a first amended cross-complaint, alleging 19 additional causes of action: (1) fraud; (2) violation of the Public Contract Code (two causes of action); (3) unfair business practices; (4) embezzlement; (5) violation of the False Claims Act (10 causes of action); and (6) violation of the Racketeer Influenced and Corrupt Organizations Act (RICO) (four causes of action). In the amended cross-complaint, the City named not only Kajima but also its two parent corporations as cross-defendants. The amended cross-complaint seeks (after trebling damages on certain causes of action) approximately $400 million in damages.

Kajima (but not its parent corporations) moved to strike the amended cross-complaint as a SLAPP suit under section 425.16, contending the cross-complaint "arises from, and is in patent retaliation for, Kajima's exercise of its constitutional right to petition this court for redress by filing the complaint in this action."

The trial court initially granted the motion in its entirety, ruling that Kajima's filing of the complaint constituted "a writing made before an official body satisfying the requirement that a public interest be present in order to satisfy the requirements of the statute." It also concluded the City had failed to meet its burden to demonstrate a probability that it would prevail on the merits of its amended cross-complaint. Accordingly, the court struck the amended cross-complaint.

The City filed a motion to vacate the trial court's statement of decision, for a new trial, or for modification of the decision. After hearing this motion

---

[3]At this point in the litigation Kajima moved to disqualify certain of the City's counsel. After the trial court denied that motion, Kajima filed a petition for writ of mandate in this court. We issued an alternative writ of mandate. After hearing oral argument on the matter, we denied the petition in a nonpublished opinion. (*Kajima Engineering & Construction, Inc. v. Superior Court* (Dec. 20, 2000, B142546).)

the trial court determined the entire amended cross-complaint should not have been stricken. The court found that only the 12th cause of action for violation of the False Claims Act, based on the filing of Kajima's underlying complaint, "arises from a public interest, namely, the exercise of free speech as required by the statute." The court reinstated the amended cross-complaint, striking only the 12th cause of action.

Kajima filed a timely notice of appeal.[4]

## CONTENTIONS

Kajima contends the trial court erred in striking only the 12th cause of action because the City filed the amended cross-complaint "in retaliation for Kajima's exercise of its constitutional right to petition," that is, the filing of a complaint against the City to recover additional sums relating to the reconstruction project.

## DISCUSSION

### 1.  Section 425.16 and the Nature of a SLAPP Suit.

Subdivision (a) of section 425.16 defines the Legislature's purpose in enacting the anti-SLAPP statute: "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly." (§ 425.16, subd. (a).) Based on these legislative findings, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)

Under the statute, an " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection

---

[4]Kajima also filed a petition for writ of supersedeas and for an immediate stay of all trial court proceedings related to the amended cross-complaint. We granted the writ and stayed all proceedings in the trial court pending the determination of this appeal. The City then filed a motion to dismiss the appeal, asserting Kajima's notice of appeal was defective and the appeal was meritless, or, alternatively, to vacate or modify the stay and/or for an expedited hearing on the case. We denied that motion.

with a public issue' includes: (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

In interpreting section 425.16, courts have described the nature of SLAPP suits. " 'SLAPP plaintiffs do not intend to win their suits; rather, they are filed solely for delay and distraction [citation], and to punish activists by imposing litigation costs on them for exercising their constitutional right to speak and petition the government for redress of grievances. [Citation.]' [Citation.] SLAPP suits are filed to prevent citizens from exercising their political rights, and to harm those who have exercised those rights. [Citation.] 'SLAPP suits are brought to obtain an economic advantage over the defendant, not to vindicate a legally cognizable right of the plaintiff. [Citations.]' [Citation.] 'As long as the defendant is forced to devote its time, energy and financial resources to combating the lawsuit its ability to combat the plaintiff in the political arena is substantially diminished. [Citations.]' [Citation.]" (*Paul for Council v. Hanyecz* (2001) 85 Cal.App.4th 1356, 1363-1364 [102 Cal.Rptr.2d 864].)

"The SLAPP strategy also works even if the matter is already in litigation because the defendant/cross-complainant hopes to drive up the cost of litigation to the point where the plaintiff/cross-defendant will abandon its case or have less resources available to prosecute its action against the defendant/cross-complainant and to deter future litigation." (*Wilcox v. Superior Court, supra,* 27 Cal.App.4th at p. 816; see § 425.16, subd. (h) [making cross-complaints subject to the anti-SLAPP statute].)

SLAPP suits therefore " 'masquerade as ordinary lawsuits' " but "are generally meritless suits brought by large private interests to deter common citizens from exercising their political or legal rights or to punish them for doing so." (*Wilcox v. Superior Court, supra,* 27 Cal.App.4th at p. 816.) "The favored causes of action in SLAPP suits are defamation, various business torts such as interference with prospective economic advantage, nuisance and intentional infliction of emotional distress." (*Ibid.*)

To combat these suits, section 425.16 permits a special motion to strike, thereby "provid[ing] an efficient means of dispatching, early on in a lawsuit, a plaintiff's meritless claims, and thus encourages, to use the Legislature's words, 'continued participation in matters of public significance.' (§ 425.16, subd. (a).)" (*Paul for Council v. Hanyecz, supra*, 85 Cal.App.4th at p. 1364.)

### 2. Burdens of Proof and Standard of Review.

■ "Section 425.16, subdivision (b)(1), requires the trial court to engage in a two-step process when determining whether a defendant's section 425.16 motion to strike should be granted. First, the court decides whether the defendant has made a threshold prima facie showing that the defendant's acts, of which the plaintiff complains, were ones taken in furtherance of the defendant's constitutional rights of petition or free speech in connection with a public issue. [Citation.] If the court finds that such a showing has been made, then the plaintiff will be required to demonstrate that 'there is a probability that the plaintiff will prevail on the claim.' (§ 425.16, subd. (b)(1); [citation].) The defendant has the burden on the first issue, the threshold issue; the plaintiff has the burden on the second issue. [Citation.]" (*Paul for Council v. Hanyecz, supra*, 85 Cal.App.4th at p. 1364, fn. omitted.) The court can strike a single cause of action, while allowing other causes of action to remain. (*Shekhter v. Financial Indemnity Co.* (2001) 89 Cal.App.4th 141, 150 [106 Cal.Rptr.2d 843].)

"In terms of the so-called threshold issue, the moving defendant's burden is to show the challenged cause of action 'arises' from protected activity. [Citations.] Once [but only if] it is demonstrated the cause of action *arises* from the exercise of the defendant's free expression or petition rights, then the burden shifts to the plaintiff to show a probability of prevailing in the litigation." (*Shekhter v. Financial Indemnity Co., supra*, 89 Cal.App.4th at p. 151; see also *Fox Searchlight Pictures, Inc. v. Paladino* (2001) 89 Cal.App.4th 294, 307 [106 Cal.Rptr.2d 906] ["to invoke the protection of the SLAPP statute [defendant must show] the challenged lawsuit *arose from* an act on the part of the defendant in furtherance of her right of petition or free speech" (italics added)]; *Paul for Council v. Hanyecz, supra*, 85 Cal.App.4th at p. 1365 ["defendant must present a prima facie showing that the plaintiff's causes of action *arise from* acts of the defendant taken to further the defendant's rights of free speech or petition in connection with a public issue" (italics added)].)

"The phrase 'arising from' in section 425.16, subdivision (b)(1) has been interpreted to mean that 'the act underlying the plaintiff's cause' or 'the act

which forms the basis for the plaintiff's cause of action' must have been an act in furtherance of the right of petition or free speech." (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1001 [113 Cal.Rptr.2d 625]; see also *DuPont Merck Pharmaceutical Co. v. Superior Court* (2000) 78 Cal.App.4th 562, 565 [92 Cal.Rptr.2d 755] [courts consider "whether the complaint alleges acts in furtherance of defendant's right of petition or free speech in connection with a public issue"].)

■ We review the trial court's rulings on a SLAPP motion independently under a de novo standard of review. (*ComputerXpress, Inc. v. Jackson, supra*, 93 Cal.App.4th at p. 999.)

*3. Kajima Failed to Meet Its Threshold Burden to Show the Acts Alleged in the City's Amended Cross-complaint Were in Furtherance of Its Right of Petition or Free Speech.*

■ Kajima argues the City filed the amended cross-complaint in retaliation for the exercise of its right to petition through the filing of its underlying complaint against the City. According to Kajima, the "right to petition implicated here is its right of access to the courts, which includes the fundamental act of filing a complaint." Thus, Kajima contends the trial court should have struck all 19 causes of action added by the amended cross-complaint.

Kajima is correct that filing a lawsuit is an exercise of the constitutional right of petition. (*Briggs v. Eden Council for Hope & Opportunity, supra*, 19 Cal.4th at p. 1115.) However, Kajima wrongly focuses on the City's filing of the amended cross-complaint as a supposed act of retaliation without demonstrating, as it must under the anti-SLAPP statute, that the amended cross-complaint "alleges acts in furtherance of [Kajima's] right of petition or free speech in connection with a public issue." (*DuPont Merck Pharmaceutical Co. v. Superior Court, supra*, 78 Cal.App.4th at p. 565.) This error is fatal to Kajima's motion: The amended cross-complaint alleges causes of action arising from Kajima's bidding and contracting practices, not from acts in furtherance of its right of petition or free speech.

The fraud cause of action alleges in part that Kajima intentionally underbid the project knowing it could not complete the work within the price submitted and later claimed additional compensation based on false and/or inflated progress payment requests. The causes of action for violations of the Public Contract Code allege Kajima improperly identified subcontractors that would work on the project. The embezzlement cause of action alleges that Kajima wrongfully collected funds from the City for a security guard

when no such security guard was present at the project. The causes of action for False Claims Act violations also relate to Kajima's acts in bidding for and working on the reconstruction project and further allege that Kajima falsely certified minority and women business enterprise (MBE and WBE) participation in the job. The RICO causes of action allege that Kajima's acts constituted mail and wire fraud. And the cause of action for unfair business practices alleges that Kajima's acts, "including intentional underbidding, bid-shopping, illegal substitution of subcontractors, violation of the MBE/WBE requirements, submission of false and inflated construction claims and change orders, front-end loading, and self-serving cost-cutting measures, constitute unlawful, unfair or fraudulent business practices." It is only the 12th cause of action struck by the trial court that mentions Kajima's specific act in filing the underlying complaint in this action.[5]

Indeed, Kajima admits that "a majority of the alleged acts occurred, if at all, *at or about the time [it] submitted its bid in early 1995.*" It concedes that "most of the alleged conduct occurred either *prior to or at the time of the contract's execution in 1995,* and *all of which purportedly relates to acts prior to the City's acceptance of [Kajima's] work on the bridge.*" It says that the facts alleged in the amended cross-complaint were "true prior to November 1997 when the City accepted [Kajima's] work." Kajima was not exercising its right of petition at the time of the alleged acts; it was seeking to secure and working on a construction project. Kajima's concessions therefore defeat the SLAPP motion because they demonstrate the alleged improper conduct does not arise from Kajima's petitioning activities but rather from its bidding and contracting practices. (See *ComputerXpress, Inc. v. Jackson, supra,* 93 Cal.App.4th at p. 1003 [" 'the act underlying the plaintiff's cause' or 'the act which forms the basis for the plaintiff's cause of action' must *itself* have been an act in furtherance of the right of petition or free speech"].)

Kajima relies on several words in paragraph 28 of the City's general allegations to argue the amended cross-complaint was filed to thwart its right to petition. In paragraph 28 the City alleges that Kajima's "pattern and practice was to generate substantial profits from these projects, notwithstanding these underbids, by engaging in self-serving measures which were detrimental to the projects, by bid shopping, by shifting costs, materials and equipment from one project to another, by submitting false and inflated construction claims, and by threatening to file suit if such claims were not paid." Kajima suggests that, by alleging its threats to file suit were improper, the amended cross-complaint is based on an act in furtherance of the right to

---

[5]The City does not challenge the trial court's ruling striking the 12th cause of action.

petition. There is no merit to Kajima's suggestion. Paragraph 28 is simply part of the City's allegations regarding Kajima's general pattern and practice of bidding and collecting on "public works construction projects in the U.S." This allegation does not relate solely to the project for the Badger Avenue Bridge, let alone to Kajima's filing of the underlying complaint in this action, and plainly is not the basis for liability asserted in any of the causes of action in the City's amended cross-complaint. (See *ComputerXpress, Inc. v. Jackson, supra*, 93 Cal.App.4th at p. 1001.) The City therefore does not attack Kajima's right to petition the courts for redress of its grievances.

Kajima also assails the RICO causes of action because they allege as one example of an act of mail and wire fraud that Kajima "extort[ed] money by the filing of lawsuits or threatening to file lawsuits." As with paragraph 28, these statements purport to describe Kajima's pattern and practice with respect to contracting in general; they do not seek to impose liability based on acts taken in furtherance of Kajima's right to petition the courts for the wrongs allegedly committed by the City with regard to the reconstruction project. Moreover, the basis for these allegations is that Kajima extorted money, not that it exercised its right to petition. The gravamen of the RICO causes of action is that Kajima engaged in mail and wire fraud in its contracting practices, which here led the City to hire Kajima and expend substantial resources as a result of that decision.

Kajima additionally argues the fact that the amended cross-complaint incorporates by reference paragraph 28 and the 12th cause of action, which was struck by the trial court, into other causes of action necessitates that those other causes of action be dismissed. We reject this argument.

First, as previously explained, nothing in paragraph 28 seeks to impose liability based on Kajima's right to petition, and therefore the incorporation of that paragraph into other causes of action has no impact on the anti-SLAPP statute's application.

Second, the 12th cause of action was struck from the amended cross-complaint by the trial court. Thus, it was similarly eliminated from the causes of action into which it had been incorporated. Our review of the amended cross-complaint is without reference to the allegations of the 12th cause of action, and they cannot taint other causes of action.

Finally, Kajima points to no authority suggesting that the mere incorporation by reference of a cause of action struck under the anti-SLAPP statute taints the other causes of action that do not allege acts taken in furtherance of the right to petition or free speech. Complaints generally incorporate prior

allegations into subsequent causes of action. (See Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2001) ¶ 6:236, p. 6-52 ["common practice to incorporate by reference various allegations . . . to save repetition"].) Because of this general practice, to strike an entire complaint based simply on the incorporation of prior allegations would unnecessarily expand the anti-SLAPP statute beyond acts taken in furtherance of the right of petition or free speech. It also would prevent trial courts from striking individual causes of action pursuant to the anti-SLAPP statute. (See *Shekhter v. Financial Indemnity Co., supra,* 89 Cal.App.4th at p. 150; see also *ComputerXpress, Inc. v. Jackson, supra,* 93 Cal.App.4th at p. 1001 [causes of action alleging a direct contract between the parties not subject to the anti-SLAPP statute, even though speech and petition activity was alleged elsewhere in the complaint].)

At oral argument Kajima asserted for the first time that the City's allegations in the amended cross-complaint regarding Kajima's submission of claims for payment serve as a separate and independent basis for triggering the anti-SLAPP statute. Even if this argument were properly before us,[6] it would fail. The submission of contractual claims for payment in the regular course of business before the commencement of litigation simply is not an act in furtherance of the right of petition or free speech within the meaning of the anti-SLAPP statute. (See *People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 285 [103 Cal.Rptr.2d 71] [anti-SLAPP statute did not apply to insurer's complaint alleging submission of false and fraudulent damage reports and repair estimates that were prepared for earthquake claims before litigation between the parties commenced]; see also *Ericsson GE Mobile Communications, Inc. v. C.S.I. Telecommunication Engineers* (1996) 49 Cal.App.4th 1591, 1601-1602 [57 Cal.Rptr.2d 491] [acts relating to the formation or performance of contractual obligations are not in furtherance of the right of free speech], disapproved on another ground in *Briggs v. Eden Council for Hope & Opportunity, supra,* 19 Cal.4th at p. 1123, fn. 10.)

Accordingly, Kajima has not demonstrated that the allegations in the amended cross-complaint arise from acts in furtherance of its right of petition or free speech.

---

[6]Kajima did not raise this argument in either its opening or responding briefs, and, indeed, stated that submission of claims "has nothing to do with the question whether the City's [amended] [c]ross-[c]omplaint arose out of Kajima's commencement of this lawsuit, an indisputable exercise of the right of petition." Although we need not address Kajima's belated argument (see *Sunset Drive Corp. v. City of Redlands, supra,* 73 Cal.App.4th at p. 226), to avoid any unnecessary additional litigation between the parties on this point, we dispose of Kajima's argument on the merits.

### 4. *Oppressive Litigation Tactics Alone Do Not Trigger the Anti-SLAPP Statute.*

Kajima accuses the City of oppressive litigation tactics and argues those tactics are a basis for dismissing the amended cross-complaint as a SLAPP suit under *Church of Scientology v. Wollersheim* (1996) 42 Cal.App.4th 628 [49 Cal.Rptr.2d 620] (*Church of Scientology*). Kajima maintains *Church of Scientology* stands for the proposition that a suit can be struck pursuant to the anti-SLAPP statute when it is "oppressive litigation conduct designed to discourage the opponents' right to utilize the courts to seek legal redress." (*Id.* at p. 648.)

Kajima's reliance on *Church of Scientology* is misplaced. Although the Court of Appeal focused in part on the church's oppressive litigation conduct, the court also made the requisite finding that the church's complaint *arose* out of the church member's petitioning activities. (*Church of Scientology*, *supra*, 42 Cal.App.4th at pp. 649, 651; see *ComputerXpress, Inc. v. Jackson*, *supra*, 93 Cal.App.4th at p. 1002 [*Church of Scientology* "cannot be read to mean that any claim asserted in an action which arguably was filed in retaliation for the exercise of speech or petition rights falls under section 425.16, whether or not the claim is *based on* conduct in exercise of those rights"].) In other words, the church's suit was not " 'related' to the transaction or occurrence which is the subject of the [church member's] complaint, but [arose] out of the litigation process itself." (*Church of Scientology*, at p. 651; see *Wilcox v. Superior Court*, *supra*, 27 Cal.App.4th at pp. 821-822 [statements alleged as defamatory by cross-complaint were "made in connection with underlying judicial challenge" to shorthand reporting practices].)

The opposite is true here (except for the 12th cause of action). The City's amended cross-complaint arises out of the same transaction as Kajima's underlying complaint—the bid, contract and construction related to the Badger Avenue Bridge project. Unlike *Church of Scientology*, the amended cross-complaint here does not arise "out of the litigation process itself." (*Church of Scientology*, *supra*, 42 Cal.App.4th at p. 651.) Kajima cannot benefit from the anti-SLAPP statute without making that requisite showing.[7]

The court in *Church of Scientology* explained that the anti-SLAPP statute often will not apply to cross-complaints: "Although a cross-complaint may

---

[7] Kajima's focus on the City's so-called oppressive litigation tactics suggests that if the City *intended* to retaliate against Kajima by filing the amended cross-complaint, the trial court should have struck the entire amended cross-complaint on that basis alone. That cannot be the case. To reach such a result would allow Kajima to circumvent the showing required by section 425.16 that the alleged SLAPP suit *arose* out of acts in furtherance of the right to petition or free speech. (See § 425.16, subd. (b)(1).) It also would focus a SLAPP motion on

be subject to a section 425.16 motion, not all cross-complaints would qualify as SLAPP suits. A defendant may file a cross-complaint against the plaintiff for any existing cause of action regardless of its nature and origins. (Code Civ. Proc. § 428.10, subd. (a).) Only those cross-complaints alleging a cause of action *arising* from the plaintiff's act of filing the complaint against the defendant and the subsequent litigation would potentially qualify as a SLAPP action." (*Church of Scientology, supra,* 42 Cal.App.4th at p. 651.) Kajima's misplaced reliance on *Church of Scientology* fails to heed this caution.

The court in *Church of Scientology* also stated: "A compulsory cross-complaint on a 'related cause of action' against the plaintiff (Code Civ. Proc., § 426.30, subd. (a)) would rarely, if ever, qualify as a SLAPP suit arising from petition activity. By definition, a 'related cause of action' is 'a cause of action which *arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint.*' (Code Civ. Proc., § 426.10, subd. (c), italics added.) The SLAPP suit is not 'related' to the transaction or occurrence which is the subject of the plaintiff's complaint, but arises out of the litigation process itself." (*Church of Scientology, supra,* 42 Cal.App.4th at p. 651.) Here, the amended cross-complaint arises out of the same transaction, occurrence or series of transactions or occurrences that Kajima alleges in its complaint. Thus, the amended cross-complaint does not arise from petitioning activity.

Our holding does not leave parties confronting a meritless, retaliatory countersuit without a remedy. If a cross-defendant believes that a cross-complaint has been filed "for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation," or that the claims against it are frivolous or lacking in evidentiary support, then it may move for sanctions, including attorney fees and other expenses, to be awarded in the trial court's discretion. (See § 128.7, subds. (b)-(d).) The anti-SLAPP statute, however, is not the appropriate remedy.

Because Kajima has not met its burden to show that the amended cross-complaint is subject to the anti-SLAPP statute, we need not consider whether

the plaintiff's or cross-complainant's intent in filing the lawsuit, a notion this court rejected in *Fox Searchlight.* (See *Fox Searchlight Pictures, Inc. v. Paladino, supra,* 89 Cal.App.4th at p. 307 ["defendant moving to strike a SLAPP suit is not required to show the plaintiff intended its suit to chill the defendant's exercise of First Amendment rights or that the suit had such an effect"].)

the City demonstrated it is likely to succeed on the merits. Kajima, of course, remains free to challenge the lawsuit on other grounds.[8]

## DISPOSITION

The trial court's order reinstating the City's amended cross-complaint and striking only the 12th cause of action is affirmed. The City is to recover costs on appeal.

Johnson, Acting P. J., and Woods, J., concurred.

A petition for a rehearing was denied February 28, 2002, and the petition of appellant Kajima Engineering and Construction, Inc., for review by the Supreme Court was denied May 15, 2002. Chin, J., did not participate therein.

---

[8]The City filed a notice of cross-appeal from the trial court's initial order striking the cross-complaint in its entirety. The City acknowledges its cross-appeal is protective only. Because we affirm the trial court's subsequent order reinstating the amended cross-complaint and striking only the 12th cause of action, the cross-appeal is moot.