Filed 8/31/16  Randle v. Davis CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JEREMIAH RANDLE, | B262277 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC404955) |
| v. | |
| ROOSEVELT DAVIS, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Holly E. Kendig, Judge.  Affirmed.

Jeremiah Randle, in pro. per., for Plaintiff and Appellant.

Fidelity National Law Group and Teresa Y. Hillery, for Defendant and Respondent.

_____

Plaintiff and appellant Jeremiah Randle challenges a trial court order granting defendant Roosevelt Davis's motion for judgment on the pleadings, based on res judicata. As we understand his arguments, Randle contends no facts supported the trial court ruling; the court improperly relied on a default judgment entered against him in another matter; and the court improperly engaged in ex parte communications with defense counsel. We find no error and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

This case involves a property in Los Angeles that became a subject of dispute in Randle and Laura Vinson-Randle's divorce proceedings ("the property"). Although deeds were recorded indicating Vinson-Randle alone took title to the property, whether it was separate or community property was disputed. In 1999, Vinson-Randle executed a grant deed in favor of her mother, Diane Truly, granting the property to her. In 2003, Vinson-Randle and Randle, through counsel, executed a stipulation indicating the property was to be sold by a mutually agreeable broker, at a mutually agreed upon price, subject to the agreement of Truly, who was identified as the sole titleholder of the residence. Per the terms of the stipulation, the net proceeds of any such sale were to be deposited in a blocked trust account for the benefit of Vinson-Randle, Randle, and Truly. The funds were not to be released absent a court order.

In May 2007, the family law court found a notice of lis pendens Randle filed regarding the property in 2003 was void and invalid. The court granted Truly's motion to expunge the lis pendens, noting that Randle had not only failed to give statutorily-required notice of the lis pendens, he had not "submitted any evidence whatsoever to show that he has any interest in the property whatsoever." In July 2007, Truly sold the property to Roosevelt Davis.[1] In 2008, a family court order indicated there was a stay in effect on several unresolved issues, including the "sales proceeds." In January 2009, Randle filed a civil complaint naming Vinson-Randle, Truly, and Davis as defendants.

---

[1] In declarations submitted in the instant case, Truly and Vinson-Randle declared they had never met Davis.

2

The complaint sought to set aside the allegedly fraudulent transfer of the property to Davis and asserted claims against all defendants for conversion, civil conspiracy, and fraud. The complaint sought to quiet title to the property. In June 2009, the court stayed the civil matter until Randle had complied with orders in the dissolution proceedings "which resulted in a stay of all affirmative relief sought by [Randle]," or the conclusion of the family law case, whichever occurred first.

In October 2010, Davis filed a complaint in intervention in the dissolution proceedings, seeking to quiet title to the property. In August 2013, after a default prove-up hearing at which Davis testified, the family law court entered a default judgment against Randle. The judgment stated Davis is the owner of the property, and he holds the property "in fee, free and clear of any adverse claims of [Randle] and all persons unknown, claiming any legal or equitable right, title, estate, lien or interest in the real property described herein adverse to Davis' claim or any cloud upon Davis' claim thereto." Notice of entry of the judgment was filed in September 2013. Randle did not timely appeal from the judgment.[2]

In July 2014, Davis filed a motion for judgment on the pleadings in the instant case. Davis argued Randle's claims against him were barred by res judicata and/or collateral estoppel. The trial court granted the motion. The court noted the sole basis of the complaint's claims against Davis was Randle's community property claim to the property. The court took judicial notice of the judgment entered in the family law case against Randle and concluded the judgment barred Randle from relitigating his claims against Davis in the civil action. This appeal followed.

DISCUSSION

**Randle Fails to Identify Any Trial Court Error**

As we understand Randle's arguments on appeal, he contends the trial court judgment was unsupported by the facts and was improperly based on a default judgment

---

[2] In November 2014, Randle purported to appeal from the August 2013 judgment. This court dismissed the appeal as untimely filed.

3

entered in a separate matter. He also claims there were improper ex parte communications between the trial court and his opposing counsel. Without explanation, he asserts the trial court "disregarded" the rulings of the "presiding judge." We reject these contentions due to Randle's failure to provide any supporting argument, facts, relevant citations to the record, or citations to legal authority.

"[I]t is settled that: 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564, original italics.) As a judgment is presumed correct, " 'the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited. [Citations.]' " (*Salehi v. Surfside III Condominium Owners' Assn.* (2011) 200 Cal.App.4th 1146, 1161-1162.) " '[A]n appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim.' [Citation.] 'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.' [Citation.]" (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 204.)

Moreover, "Rule 8.204(a)(1)(C) of the California Rules of Court requires all appellate briefs to '[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears.' It is well-established that ' "[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. [Citation.]" ' [Citation.] This rule applies to matters referenced at any point in the brief, not just in the statement of facts." (*Conservatorship of Kevin A.* (2015) 240 Cal.App.4th 1241, 1253.) Although Randle complains of improper ex parte communications, this assertion is entirely unsupported by citations to the record, except for a single reference to Randle's own

4

written objection to the motion for judgment on the pleadings, which was itself an assertion unsupported by any evidence.[3] Randle's lack of citation to the record and lack of explanation or argument is also fatal to his contention that the court "disregarded" rulings of the "presiding judge."

Similarly, although Randle offers conclusory assertions that the judgment on the pleadings was an abuse of discretion because the default judgment was obtained in an unrelated matter, he does not support this assertion with any legal argument, legal reasoning, factual support, or citations to legal authority. It is not the function of this court to review the record on its own, seeking out error. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246 (*Nwosu*).) This court may disregard conclusory statements that are not supported by citation to any legal authority. (*People Ex Rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 284.) Indeed, " '[f]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal.' [Citation.]" (*Flores v. Department of Corrections & Rehabilitation, supra,* 224 Cal.App.4th at p. 205.) These principles apply to all litigants, including those who are self-represented. (*Nwosu*, *supra*, 122 Cal.App.4th at p. 1247.)

Randle has not established any abuse of discretion or legal error in the trial court's ruling granting Davis's motion for judgment on the pleadings. The record indicates that in the family law proceeding, Davis filed a complaint in intervention and secured a default judgment against Randle establishing Davis holds the property free of any adverse claims, including those of Randle. Under the issue preclusion aspect of res judicata, or collateral estoppel, the final adjudication of an issue raised in one proceeding may bar a party from relitigating the same issue in a separate, subsequent matter.[4] " ' "[A] default

---

[3] The objection was not, for example, accompanied by a declaration, or even any details to explain what Randle was alleging were improper communications.

[4] "[I]ssue preclusion applies: (1) after final adjudication (2) of an identical issue (3) actually litigated and necessarily decided in the first suit and (4) asserted against one

5

judgment conclusively establishes, between the parties so far as subsequent proceedings on a different cause of action are concerned, the truth of all material allegations contained in the complaint in the first action, and every fact necessary to uphold the default judgment. . . .” ’ [Citation.]” (*Gottlieb v. Kest* (2006) 141 Cal.App.4th 110, 149.) The record presented to us on appeal supports the trial court’s conclusion that issue preclusion applied to bar Randle’s claims against Davis. Randle fails to provide any legal argument to indicate this determination was in error.

## DISPOSITION

The trial court judgment is affirmed. Respondent shall recover his costs on appeal.


BIGELOW, P.J.

We concur:


RUBIN, J.


GRIMES, J.

---

who was a party in the first suit or one in privity with that party.” (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 825.)