Filed 4/7/21  Marriage of Cruz and Montano CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re the Marriage of CAROL CRUZ and ARSENIO RICHARD MONTANO.<br><br>CAROL CRUZ,<br><br>     Appellant,<br><br>     v.<br><br>ARSENIO RICHARD MONTANO,<br><br>     Respondent. | H045398<br>(Santa Clara County<br> Super. Ct. No. 2008-1-FL-145239) |

Appellant Carol Cruz signed a stipulated order to resolve the dissolution of her marriage to respondent Arsenio Richard Montano.  Among other things, the parties agreed that in return for Montano assuming all community debt, Cruz would give up her community interest in Montano's labor union retirement accounts.  Cruz later sought to void that order, alleging Montano had withheld information about the union retirement accounts.  The trial court denied Cruz's motion after a hearing and entered judgment based on the stipulated order.  Cruz appealed from that judgment in a different case, but abandoned that appeal.  Cruz later unsuccessfully moved to set aside the judgment in the trial court.  Cruz appeals from the order denying her motion to set aside the judgment, but her appellate briefing improperly attempts to attack the judgment directly and makes no argument about that postjudgment order.  For the reasons stated here, we will affirm the order denying Cruz's motion to set aside the judgment.

## I.     TRIAL COURT PROCEEDINGS

According to Cruz's opening brief, Cruz and Montano married in 1991.  Cruz petitioned for dissolution in 2008.  Cruz (then represented by counsel) sent Montano a proposed stipulated judgment in 2015.  The proposal, signed by Cruz, lists four types of community retirement assets Montano possessed that a neutral expert would be hired to separate between the parties:  a military pension; a "401(a) Plan"; an "LU 393 Pension, Part A"; and an "LU 393 Pension, Part B."  That stipulated judgment was never signed by Montano.

A form stipulation and order ("settlement agreement") was signed by the parties and the trial court in February 2017.  (Cruz was no longer represented by counsel when she signed the agreement.)  The parties agreed that Montano's military pension would be shared equally.  Montano agreed to assume "all community property debt," and in return Montano would be "awarded his Retirement/Pension/401(k) accounts with UA Local 393 as his sole and separate property, without offset, and shall utilize funds in this account to pay off community property debts and liabilities."

The parties appeared at a hearing in September 2017 to discuss what the trial court described as Cruz's "motion to void the settlement agreement."  Cruz (still unrepresented) contended that when she signed the settlement agreement she was not aware that the UA Local 393 union pension had two components (both a traditional defined benefit pension and a defined contribution pension).  Montano's counsel argued that Cruz had notice of all union pension components, citing the proposed stipulated judgment Cruz sent to Montano in 2015 that referenced both components.  The trial court denied Cruz's motion to void the settlement agreement, finding "enough evidence before this Court that over the course of this litigation it was disclosed to you and your counsel" that Montano's union pension included both components.  The court signed the judgment

2

on the day of the hearing, and the settlement agreement was included as an attachment. Notice of entry of judgment was entered and served on the parties in September 2017.[1]

Cruz appealed from the September 2017 judgment (case No. H045137 in this court), but abandoned that appeal. She also apparently moved to set aside the judgment in the trial court. The record on appeal here includes a December 2017 trial court minute order denying that motion, but Cruz did not include the motion itself in the record on appeal. Cruz's notice of appeal for this case (No. H045398) purports to appeal a judgment after a jury trial, but the date stated for the appealed order is the date the trial court denied her motion to set aside the judgment in December 2017.

## II.   DISCUSSION

According to the notice of appeal, the order at issue in this appeal is the December 2017 order denying Cruz's motion to set aside the judgment. A party may move to set aside a judgment in two limited situations: (1) where the trial court used an incorrect or erroneous legal basis for the decision that was not consistent with or not supported by the facts; or (2) where the judgment was not consistent with or not supported by the special verdict (if there is a jury trial). (Code Civ. Proc., § 663.) An order denying a motion to set aside a judgment is appealable as an order after judgment. (*Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 134–135.) The instant appeal is therefore timely as to arguments relating to the post-judgment order.

Cruz's appellate arguments all relate to the September 2017 hearing where the trial court entered judgment after denying her motion to void the settlement agreement. Those arguments are not properly before us because Cruz abandoned her appeal from the judgment (case No. H045137). And Cruz has not provided us with an adequate record to

_____

[1] The notice of entry of judgment was not made part of the record on appeal. We obtained a copy of the filed document from the trial court. On the court's own motion, the record is deemed augmented with the notice of entry of judgment dated September 7, 2017. The clerk of this court is ordered to file the notice of entry as part of the record in this proceeding.

review the trial court's decision that is the subject of this appeal—the December 2017 order denying Cruz's motion to set aside the judgment. Cruz did not include her motion or the reporter's transcript of the hearing on that motion. She also makes no argument related to the December 2017 order in her appellate brief.

The appealing party has the "burden of showing reversible error by an adequate record" (*Ballard v. Uribe* (1986) 41 Cal.3d 564, 574), and must support its arguments with citation to relevant authority. (*People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 284.) We pointed out those deficiencies to the parties and invited supplemental briefing about whether we should affirm the denial of the motion to set aside the judgment based on Cruz not providing an adequate record and not making any argument here challenging that order. Neither party filed a supplemental brief. Because Cruz neither provided an adequate record nor made any argument related to the order appealed from, the order denying her motion to set aside the judgment must be affirmed.[2]

## III.   DISPOSITION

The December 2017 order denying Cruz's motion to set aside the judgment is affirmed. Respondent is entitled to costs on appeal.

---

[2] Cruz's motion to augment the record, filed June 20, 2019, is denied.

_____

Grover, J.

**WE CONCUR:**

_____

Bamattre-Manoukian, Acting P. J.

_____

Danner, J.

**H045398 - *Cruz v. Montano***