Filed 2/15/23  Shapira v. Lackenbacher CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| ADRIANA BROMET GARNICA SHAPIRA,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TOMAS LACKENBACHER,<br><br>Defendant and Appellant. | H049775<br>(Santa Clara County<br>Super. Ct. No. 21CS000235) |

This action was brought under the Uniform Interstate Family Support Act (UIFSA; Fam. Code, § 5700.101 et seq.) and the Full Faith and Credit for Child Support Orders Act (28 U.S.C. § 1738B.)  In March 2021, a Notice of Registration of Out-Of-State Support Order (Registration Notice or Notice) under the UIFSA was filed with the court below on behalf of plaintiff and respondent Adriana Bromet Garnica Shapira (respondent) and directed to defendant and appellant Tomas Lackenbacher (appellant).  The Registration Notice attached a child support order from Colombia.  The Notice provided that if appellant wished to contest the registration or enforcement of the Notice, he was required to file papers within 20 days.  Appellant did not file such challenge.  Approximately six months later, he filed a motion for relief from default.  After a hearing, on December 13, 2021, the court denied appellant's motion.

Appellant challenges the order denying his motion for relief from default.  Finding no abuse of discretion by the trial court, we will affirm the order.

## I.     PROCEDURAL BACKGROUND

On March 16, 2021, the Registration Notice under the UIFSA was filed with the court, identifying respondent as the plaintiff and obligee and appellant as the defendant and obligor.  The Notice attached a February 2009 Colombian judgment that included a child support order.  The Colombian judgment included recitals that appellant and respondent had married on September 3, 2000, in Sausalito, California, and that they had two daughters.  The papers accompanying the notice indicated that appellant's child support obligation as previously ordered was fifty percent of the minimum salary in Colombia.

The Registration Notice provided:  "lf you want to contest the validity or enforcement of the registered order, you must request a hearing within 20 days after notice."  The Notice included as an attachment the form that was to be used (form FL575) if appellant wished to contest the registered order.  The Registration Notice provided further:  "If you fail to contest the validity or enforcement of the attached order within 20 days after notice, the order will be confirmed by the court and you will be unable to contest any portion of the order including the amount of arrears as specified in the letter of transmittal requesting registration or sworn statement."  Appellant did not file a challenge to the Registration Notice.

On September 20, 2021—more than five months after the deadline for filing a contest to the registered order—appellant filed with the court a motion for relief from default, in a document captioned "Points and Authorities in Support of Request for Relief from Filing FL575 Within 20 Days of Notice and in All Events Respondent Substantially Complied."  (Capitalization and boldface omitted.)  The authority upon which he based

the motion was Code of Civil Procedure section 473.[1]  Appellant argued that the motion was proper because he sought the relief within six months as required by the statute.  He asserted in the motion, inter alia, that he had substantially complied with the requirement that he contest the Notice by his submission to the court, on April 13, 2021 (28 days after the Notice, and thus eight days past the deadline for filing an objection), a letter seeking a copy of his file.  Appellant urged that even if the letter were not deemed substantial compliance, "he thought it was and therefore he should be relieved of his 'failure' to submit his FL575 within 20 days of 'notice' of the FL570."  The remainder of appellant's motion attacked the validity of the Colombian judgment.

A contested hearing on the motion occurred on November 9, 2021.[2]  A formal order was filed on December 13, 2021, in which the court denied appellant's motion for relief from default.

Appellant filed a notice of appeal from the order denying his motion for relief from default.

## II.    DISCUSSION

### A.    Motions for Relief from Default

Under section 473, subdivision (b) (§ 473(b)), "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  The party moving for relief from default under section 473(b) must file the motion within a reasonable time but no longer than six months after entry of the order, and that party bears the burden of establishing the right to the relief.  (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 929.)  Although "[t]he statute's 'broad remedial provisions' [citation] are to be 'liberally

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] The record does not include a reporter's transcript from this hearing.

3

applied to carry out the policy of permitting trial on the merits' [citation, t]he party seeking relief, however, bears the burden of proof in establishing a right to relief. [Citation.]" (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.)  The moving party has a dual burden:  " 'He [or she] must show a satisfactory excuse for his [or her] default, and he [or she] must show *diligence* in making the motion after discovery of the default.'  [Citation.]" (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 625, original italics (*Kendall*).)

An order granting or denying relief from default under section 473 is reviewed for abuse of discretion.  " 'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.'  [Citation.]" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*).)

## B.     There Was No Error

Appellant asserts that the court's denial of the motion for relief from default was an "overreach of [its] discretion."  He reiterates that his letter of April 13, 2021 to the court, that he describes as having been "timely," complied with the requirements of a formal challenge to the Registration Notice.  Appellant offers no legal authority in support of his claim that the court erred in denying his motion for relief from default under section 473(b).  (See *People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 284 [failure to cite legal authority for position in appellate brief "amounts to an abandonment of the issue"].)[3]

---

[3] The briefs submitted by appellant are not in compliance with the rules of appellate procedure.  Significantly, appellant's briefs contain *no citations whatsoever* to the specific procedural and factual matters upon which he bases his claim that the court below erred.  This failure constitutes a violation of rule 8.204(a)(1)(C) of the California Rules of Court, which requires that every brief "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  Under such circumstances, "an appellate court need not search through the record in an effort to discover the point purportedly made. [Citations.] [It] can simply deem the contention to lack foundation and, thus, to be forfeited. [Citations.]" (*In re S.C.* (2006) 138 Cal.App.4th 396, 406-407.)  We note further that appellant refers to a

4

As noted, appellant had a dual burden of showing that he was diligent in presenting the motion for relief from default, and that there was a satisfactory excuse— "mistake, inadvertence, surprise, or excusable neglect" (§ 473(b))—for the default. (See *Kendall*, *supra*, 197 Cal.App.3d at p. 625.) We conclude that in the trial court's denial of the motion for relief here, the record fully supports implied determinations that appellant failed to establish either unexplained delay or a satisfactory excuse for the default.[4]

The record shows that the Registration Notice was served on March 16, 2021. Appellant's objection to the Notice was due on or before April 5, 2021. According to appellant's motion, he submitted a letter to the court requesting copies of the files— which he contended substantially complied with the requirement of a formal written objection to the Notice—on April 13, 2021. Irrespective of the validity of his claim of substantial compliance, this letter was eight days beyond the deadline for the objection. Further, it appears from the Register of Actions that is part of the record on appeal that on April 16, 2021, the court clerk rejected the filing of appellant's letter. There is nothing in the record indicating that appellant took further action, either on his letter that was rejected or in objecting to the Registration Notice, until he filed the motion on September 20, 2021. Appellant provided no explanation for waiting more than five months after the rejection of his letter to take any action relative to the Notice.

number of supposed facts that are not part of the record before us. Appellant was required in his opening brief to "[p]rovide a summary of the significant facts *limited to matters in the record*." (Cal. Rules of Court, rule 8.204(a)(2)(C), italics added.) "Factual matters that are not part of the appellate record will not be considered on appeal and such matters should not be referred to in the briefs." (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102.) We will therefore disregard extraneous matters outside the record that are referenced in appellant's briefs. (*Banning v. Newdow* (2004) 119 Cal.App.4th 438, 453, fn. 6.)

[4] The court in its order did not provide a detailed statement of its reasons. Rather, it simply concluded: "Father's motion to set aside the registration is denied as it is untimely." As an appellate court, "we are not bound by the trial court's stated reasons in support of its ruling; we review the ruling, not its rationale. [Citation.]" (*Limited Stores, Inc. v. Franchise Tax Bd.* (2007) 152 Cal.App.4th 1491, 1496.)

As a panel of this court has explained, the granting of relief under section 473(b) "is not warranted unless the moving party demonstrates diligence in seeking it. [Citation.] ' "The moving party . . . must show diligence in making the motion after discovery of the default." ' [Citation.] Whether a party has acted diligently is a factual question for the trial court. [Citation.]" (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1420 (*Huh*).) The circumstances here, discussed in the previous paragraph, demonstrate an absence of diligence by appellant in bringing the motion for relief from default in a timely fashion. Appellant waited nearly the full six-month statutory period to bring the motion. He provided no justification for that delay. And he presented nothing in his motion explaining why he waited more than five months after his letter was rejected by the court clerk before filing the motion.

What this court stated in *Huh* in concluding that the moving party had failed to meet his burden of showing diligence applies with equal force in the present case: " '[T]he proper procedure' for motions under section 473(b) first contemplates the moving party's 'presentation of some explanation, by affidavit or testimony, of any extended delay, and the court then determines whether such explanation may be deemed sufficient to justify the granting of the relief sought.' [Citation.] While six months—the longest time allowable—represents the outside limit 'of the court's jurisdiction to grant relief in any event, the "reasonable time" test stands as an independent consideration and in any given situation, its determination, within the maximum six-month period, "depends upon the circumstances of that particular case." ' [Citation.] For that reason, 'there must be some showing—some evidence—' of the relevant circumstances. [Citation.] Here, [moving party] offered no evidence explaining the delay in seeking relief. Given the absolute failure of proof on this point, there is no basis for granting relief." (*Huh*, *supra*, 158 Cal.App.4th at p. 1422, fn. omitted, quoting *Benjamin v. Dalmo Mfg. Co.* (1948) 31 Cal.2d 523, 528-530 (*Benjamin*).)

6

Appellant likewise failed to meet his burden of meeting the second requirement of his motion under section 473(b)—that there was a satisfactory excuse—"mistake, inadvertence, surprise, or excusable neglect" (§ 473(b))—for the default. (See *Kendall*, *supra*, 197 Cal.App.3d at p. 625.) The sole matter raised in his motion was the fact that he sent a letter to the court on April 13, 2021, rejected by the court, which he argued constituted his "impliedly objecting" to the Registration Notice. Appellant asserted further that the letter was substantial compliance with the requirement that he object to the Notice within 20 days, but even were it not substantial compliance, "he thought it was and therefore he should be relieved of his 'failure' to submit" the proper written objection in a timely fashion.

Appellant offers no explanation for his claimed belief that his submission of an April 13, 2021 letter to the court was substantial compliance with the requirement that he formally object to the Notice within 20 days. (See *Hearn v. Howard* (2009) 177 Cal.App.4th 1193, 1206 [moving party's "unsupported, subjective belief" concerning date she was served with summons and complaint did not "demonstrate that the default judgment was entered as result of mistake, inadvertence, surprise or excusable neglect"].) Further, he did not present in his motion any facts under penalty of perjury (by affidavit or declaration) justifying the request for relief from default. (Cf. *Benjamin*, *supra*, 31 Cal.2d at p. 529 ["proper procedure appears to involve the presentation of some explanation, by affidavit or testimony, of any extended delay" justifying granting relief from default].) Moreover, appellant did not include a copy of the rejected letter with his motion. The trial court was therefore unable to evaluate whether the rejected letter could have constituted substantial compliance with a formal objection to the Registration Notice.[5]

---

[5] Appellant makes several assertions in his appellate briefs regarding statements purportedly made at hearings conducted below. He did not cite to the record in support of such assertions, as is required. (Cal. Rules of Court, rule 8.204(a)(1)(C).) Further, he

Appellant has made no showing—let alone " 'a clear showing' " (*Zamora*, *supra*, 28 Cal.4th at p. 257)—that the trial court abused its discretion in denying the motion for relief from default.

## III.    DISPOSITION

The order of December 13, 2021, denying appellant's motion for relief from default under Code of Civil Procedure section 473, subdivision (b) is affirmed. Respondent shall recover her costs on appeal.

---

failed to procure reporter's transcripts for this appeal.  (See *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295 [appellant has the burden of "provid[ing] an adequate record to assess error" and the failure to do so will result in the issue being resolved against appellant].)  Accordingly, we will disregard appellant's assertions regarding what may have transpired at the hearings below.

_____

BAMATTRE-MANOUKIAN, ACTING P.J.

WE CONCUR:

_____

DANNER, J.

_____

WILSON, J.

*Garnica Shapira v. Lackenbacher*
**H049775**