[No. D042010. Fourth Dist., Div. One. Mar. 4, 2004.]

DAVID A. BLACKBURN, Plaintiff and Respondent, v.
MICHAEL BRADY, Defendant and Appellant.

## COUNSEL

Estes & Hoyt and Kevin J. Hoyt for Defendant and Appellant.

Vivoli & Associates, Michael W. Vivoli and Matthew J. Yarling for Plaintiff and Respondent.

## OPINION

**HUFFMAN, Acting P. J.**—David A. Blackburn sued Michael Brady for partition, accounting and fraud. After the trial court overruled Brady's demurrer to the complaint, he moved to strike the lawsuit under the anti-SLAPP (strategic lawsuits against public participation) statute (Code Civ. Proc., § 425.16).[1] The court denied the motion, finding the statute was inapplicable and, even if it were applicable, Blackburn had established a probability of prevailing on the merits of each cause of action. Brady appeals the trial court's ruling only with regard to the fraud cause of action. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Blackburn's complaint filed December 27, 2002, alleges he acquired ownership of a one-half interest of real property located in San Diego county (the subject property) as the result of a public auction held on November 19, 2002, in partial satisfaction of a money judgment against Craig S. Lanser, who had previously owned the subject real property as a tenant in common with Brady. On May 25, 2000, Blackburn obtained a money judgment against Craig S. Lanser, who owned certain real property located in the Ocean Beach area of San Diego, California, which included four separate residential units, as tenants in common with Brady. The judgment was $213,030, which was amended March 16, 2001, to $323,688.92 plus interest, to include costs. After several attempts to collect on the judgment failed, Blackburn obtained an order charging partner's interest, which ordered Brady to pay Blackburn rents and profits generated by Lanser's share of a business owned by Brady and

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise specified.

Lanser, and from the four-unit subject rental property. When Brady failed to pay anything under the order, Blackburn sought and obtained an execution levy and the resulting sale of Lanser's interest and the community interest of his spouse, in the subject property. After several delays, a sheriff's sale of the subject property was noticed and conducted on November 19, 2002, resulting in the sheriff selling one-half interest in the subject property to Blackburn for "the total sum of $211,000.00 [¶] as a credit on judgment and/or costs, [¶] the said purchaser(s) being the highest bidder(s), and that sum being the highest bid; that [the sheriff has] given said purchaser(s) a Certificate of Sale."

On December 27, 2002, Blackburn filed the instant lawsuit based on his one-half ownership in the subject property acquired as a result of the public auction. The first cause of action in Blackburn's complaint seeks partition by sale of the subject property he now co-owns with Brady. The second cause of action seeks an accounting from Brady for the rents and profits Brady collected from the subject real property and from the business he owned with Lanser after the court issued the June 7, 2000 order charging Brady's partner's interest.

The third cause of action alleges Brady appeared at the November 19, 2002 auction, or creditor sale of the subject property, "in order to bid on Lanser's interest in the property. Prior to the date of the sale, Brady and Lanser had satisfied in full a second trust deed on the real property, but Brady failed to record evidence of satisfaction of the second trust deed with the County Recorder's Office. [Blackburn] is informed and believes the reason Brady failed to record evidence of satisfaction of the second trust deed was to discourage other purchasers from coming forward to bid on Lanser's one half interest in the real property, in order to bid against the real property himself with superior knowledge of the true desirability of the real property. Alternatively, [Blackburn] is informed and believes Brady elected not to record evidence of satisfaction of the second trust deed in order to reduce the likelihood of, or amount of, any payment by a good faith purchaser to [Blackburn] as a result of the sale."

The third cause of action further alleges Brady appeared at the auction pursuant to some agreement with Lanser to bid in excess of $200,000 for Lanser's one-half interest in the property even though the fair market value of the property was only "approximately $78,000.00." On information and belief, Blackburn alleges Brady had no intention of acquiring Lanser's interest in the property for more than $200,000, and "submitted his bid solely to drive up the amount [Blackburn] was required to credit bid against his judgment, thereby reducing [his] judgment against Lanser by more than $210,000.00." Blackburn also alleges Brady's statements made at the creditor's sale concerning his bid were knowingly "false and fraudulent," and

made with the intent of inducing Blackburn "to credit bid more money than was fair or necessary to acquire" the subject property. Blackburn reasonably relied on the truth of Brady's statements concerning his bid and was damaged by doing so "in an amount not less than $132,000."

In response, Brady filed both a demurrer to and a motion to strike Blackburn's complaint under the anti-SLAPP law. The court overruled the demurrer before considering Brady's motion to strike. Brady argued in the motion that section 425.16 applied to each of the causes of action in Blackburn's complaint because Brady's claims arose from the exercise of his rights of petition and free speech in protecting his property interests and were ancillary to judicial proceedings between Blackburn and Lanser as well as the sheriff's auction being an "official proceeding" in which Brady exercised his right to "bid" on the subject property, which in turn was a privileged communication under Civil Code section 47, subdivision (b).

In opposing the anti-SLAPP motion, Blackburn argued there was no logical or legal basis to apply section 425.16 to his partition and accounting causes of action because they are not based upon any protected speech, conduct or petitioning activity within the meaning of that section, merely upon co-ownership of the property. As to the third cause of action, Blackburn argued his claim of fraud is not based upon statements made in an "official proceeding," but only upon a bid in a foreclosure sale, which is analogous to a business transaction not subject to protection under section 425.16. Blackburn further asserted that Brady's motion must be denied because Blackburn and his attorney's declarations showed there is a high probability Blackburn will prevail on each cause of action.

The court issued a telephonic ruling denying the motion to strike Blackburn's complaint, finding neither the partition and accounting causes of action arose from constitutionally protected activity, and even assuming they did, Blackburn had shown a likelihood of prevailing on the merits of both causes of action. As to the third cause of action for fraud, the court found that "[Brady's] 'bidding process' at the Sheriff's execution sale is not covered by [section] 425.16. Even if it were, [Blackburn] has shown by his declaration and that of his counsel, a probability of prevailing on this cause of action." Because neither party requested oral argument, the court's tentative became its final ruling denying the section 425.16 motion. Brady appealed.

## DISCUSSION

### I

*SUMMARY OF APPLICABLE ANTI-SLAPP LAW*

The Legislature's purpose in enacting the anti-SLAPP statute is defined in subdivision (a) of section 425.16: "The Legislature finds and declares that there has been a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances. The Legislature finds and declares that it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process. To this end, this section shall be construed broadly."

In light of these legislative findings, subdivision (b)(1) of section 425.16 provides that: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Under the statute, an "act in furtherance of a person's right of petition or free speech" includes: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).) However, only if the defendant's alleged acts or statements fall under the third or fourth categories of subdivision (e) of section 425.16, is the defendant required to independently demonstrate that the matter is a "public issue" within the statute's meaning. (*Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, 1113 [81 Cal.Rptr.2d 471, 969 P.2d 564].)

In ruling on an anti-SLAPP motion, a court must first determine whether the defendant has met his burden of showing the challenged cause of action is one arising from activity protected under the statute. (*Equilon*

*Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67 [124 Cal.Rptr.2d 507, 52 P.3d 685]; *Navellier v. Sletten* (2002) 29 Cal.4th 82, 88–89 [124 Cal.Rptr.2d 530, 52 P.3d 703].) If the defendant does not meet this threshold burden, the court must deny the motion. (*Equilon Enterprises, supra,* at p. 67.) If the defendant does meet this burden, then the plaintiff must demonstrate a probability of prevailing on the merits of the claim. (*Ibid.*) "In the anti-SLAPP context, the critical consideration is whether the cause of action is *based on* the defendant's protected free speech or petitioning activity. [Citations.]" (*Navellier, supra,* 29 Cal.4th at p. 89.) In analyzing whether the initial "arising from" requirement is met, a court considers "the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)

■ We independently review a trial court's ruling on a SLAPP motion under a de novo standard of review. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 999 [113 Cal.Rptr.2d 625].) Moreover, whether section 425.16 applies to a particular complaint, presents a legal question subject to the same de novo review standard on appeal. (*Kashian v. Harriman* (2002) 98 Cal.App.4th 892, 906 [120 Cal.Rptr.2d 576].)

II

*ANALYSIS*

Brady contends Blackburn's third cause of action for fraud is subject to the anti-SLAPP law because it arises out of his written bid or oral statements made at the November 19, 2002 sheriff's auction which is an "official proceeding authorized by law," and thus constitutes protected activity under section 425.16, subdivision (e)(1). He specifically argues that his bid and statements made to the sheriff about his bid at the sale authorized by sections 704.750 through 704.770 were in furtherance of his free speech rights to appear and bid at the sale. In support of this argument, Brady cites to the allegations of Blackburn's complaint and his declaration filed in opposition to the special motion to strike which show the gravamen of Blackburn's fraud claim is Brady's bid at the sheriff's auction made purportedly without the intent to perform.

■ However, like the plaintiff in *Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921 [116 Cal.Rptr.2d 187] (*Kajima*), Brady fails to appreciate that the fraud cause of action does not arise from an act of free speech or right of petition for the redress of a grievance, but rather only from his actions which affected the bidding at a court ordered sale, which in essence is an event where offers to buy property are received according to certain requirements. Plainly, even construing the

gravamen of Blackburn's third cause of action, as Brady does, as fraud committed in his bidding at the sheriff's auction, it is a purely business type event or transaction and is not the type of protected activity contemplated under section 425.16, subdivision (e). (See *Kajima, supra,* 95 Cal.App.4th at pp. 928–932; *People ex rel. 20th Century Ins. Co. v. Building Permit Consultants, Inc.* (2000) 86 Cal.App.4th 280, 285 [103 Cal.Rptr.2d 71] (*20th Century Ins. Co.*).)

Ignoring this preliminary fact, Brady concentrates on the phrase "any other official proceeding authorized by law" in subdivision (e)(1) of section 425.16 to assert the fraud cause of action is subject to the anti-SLAPP law. He argues that because his bid, a type of written statement, was made in an execution sale or auction authorized by law, and because the sale also stemmed from the conclusion of the lawsuit between Blackburn and Brady's partner Lanser, it necessarily arose out of an "official proceeding" and is thus subject to his motion to strike. However, as case authority has pointed out, section 425.16 "does not accord anti-SLAPP protection to suits arising from any act having any connection, however remote, with an official proceeding. The statements or writings in question must occur in connection with 'an issue under consideration or review' in the proceeding." (*Paul v. Friedman* (2002) 95 Cal.App.4th 853, 866 [117 Cal.Rptr.2d 82]; see *20th Century Ins. Co., supra,* 86 Cal.App.4th at pp. 284–285.)

The ministerial event of a sheriff's sale or auction simply does not concern an issue under review or determine some disputed matter as contemplated under the anti-SLAPP law. Rather, as already noted, it consists merely of offers and the acceptance of the highest bid made according to certain requirements without any determination based on the exercise of one's free speech or petition rights. As such, it concerns a business dealing or transaction somewhat analogous to the unprotected activity of bidding on public contracts in *Kajima, supra,* 95 Cal.App.4th 921, and not the exercise of protected activity under section 425.16. Brady has cited no authority that demonstrates the anti-SLAPP law would embrace his bid at a Sheriff's auction. Because his various attempts to argue otherwise based on his selective dissection of subdivision (e)(1) of section 425.16 are unsupportable in light of the purpose and existing interpretations of the anti-SLAPP legislation, we need not engage in an expansive interpretation of what "official proceeding" means for the statute as he would have us do.[2]

Moreover, Brady has also attempted to gloss over Blackburn's additional allegations of fraud caused by Brady's failure to record satisfaction of the

---

[2] Interestingly, Brady claims his bid is a protected, privileged statement under Civil Code section 47, subdivision (b) because it was made in an "official proceeding authorized by law," but then argues the law concerning that section cannot be used to define what an official proceeding authorized by law under the anti-SLAPP legislation means.

second deed of trust on the property, arguing those allegations only show he intended not to perform the contract of the sale of property if his bid were accepted. However, such noncommunitive act of concealment to keep away other bidders at the sheriff's sale is a separate basis for the fraud cause of action, and it was not done in an official proceeding which would render it protected activity.

Accordingly, we conclude Brady has failed to make the necessary prima facie showing that his activity came within the protection of the anti-SLAPP statute. Having so concluded, it is unnecessary to determine whether Blackburn established the probable validity of his fraud claims.

### DISPOSITION

The order appealed from is affirmed. Blackburn to recover costs on appeal.

McDonald, J., and Aaron, J., concurred.