Filed 12/19/13  Aryeh v. Boudaie CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| JAMSHID ARYEH,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL BOUDAIE,<br><br>    Defendant and Appellant. | B243634<br><br>(Los Angeles County<br>Super. Ct. No. BC472305) |

APPEAL from an order of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Affirmed.

Law Offices of Farah Faramarzi, Farah Faramarzi; Law Offices of F. Michael Sabzevar and F. Michael Sabzevar for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

During a dissolution action, the wife executed a trust deed, without her husband's knowledge or consent, purporting to convey a jointly owned condominium to her brother-in-law. The brother-in-law recorded the trust deed. When the condominium was sold to a third party, the brother-in-law received in excess of $150,000 from the proceeds.

The husband filed this action against the brother-in-law, alleging several causes of action arising out of the creation and recordation of the trust deed. The brother-in-law responded with a special motion to strike, contending this action was a strategic lawsuit against public participation (SLAPP) (Code Civ. Proc., § 425.16).[1] The brother-in-law argued that the creation or recordation of the trust deed was in connection with an issue under consideration by a judicial body. The trial court denied the motion. This appeal followed.

We conclude the trial court properly found that the creation or recordation of the trust deed was not done in connection with an issue under consideration or review by a legislative, executive, or judicial body or before such a body. (See § 425.16, subds. (e)(1), (2).) Therefore, we affirm.

# I

# BACKGROUND

The allegations in this appeal are taken from plaintiff's complaint. Neither side offered any evidence with respect to the anti-SLAPP motion.

## A. Complaint

The husband's (plaintiff's) action against the brother-in-law (defendant) alleged the following. "On or about December 4, 2009, Defendant recorded a $300,000.00 lien on certain property owned by Plaintiff, jointly with Plaintiff's wife Ferial Aryeh, and located [in] Beverly Hills, California 90210 ('condo or property'), without Plaintiff's knowledge or consent. . . .

---

[1] Undesignated section references are to the Code of Civil Procedure.

". . . Defendant's lien was recorded in a Deed of Trust and Assignment of Rents dated November 11, 2009.  Such Deed of Trust and Assignment of Rents was mailed to Ferial Aryeh[, plaintiff's wife], c/o Patrick DeCarolis, located at 11620 Wilshire Boulevard, Suite 710, Los Angeles, California 90025 only once recorded.

". . . Defendant is the brother in law of Ferial Aryeh and knowingly recorded the aforementioned Deed of Trust and Assignment[] of Rents while a Dissolution action was pending in the Los Angeles Superior Court (Case BD499163).

". . . Defendant knew that Ferial Aryeh owed/s Plaintiff a fiduciary duty at the time the Deed of Trust and Assignment[] of Rents was recorded.

". . . Plaintiff has been damaged in excess of $150,000.00."  When the condominium was sold, "Defendant received in excess of $150,000 without Plaintiff's consent."

The complaint further alleged that "Plaintiff owned the property," and "Defendant intentionally and substantially interfered with Plaintiff's property by:  [¶]  a. Taking possession of the property constructively, or [¶]  b. Preventing Plaintiff from having access to the Property, or [¶]  c. Destroying the property, or [¶]  d. Refusing to remove the deed on the property after Plaintiff demanded its removal."  "Defendant engaged in wrongful conduct through [misrepresentation, fraud]."  (Bracketed material in original.)

The complaint alleged 14 causes of action:  (1) fraud, (2) conversion, (3) trespass to chattels, (4) intentional interference with prospective economic relations, (5) negligent interference with prospective economic relations, (6) "conspiracy—fraud/concealment" (7) "conspiracy—conversion," (8) "conspiracy—trespass to chattels," (9) "conspiracy—intentional interference with prospective economic relations," (10) "conspiracy—duty of undivided loyalty," (11) "aiding and abetting—fraud/concealment," (12) "aiding and abetting—conversion," (13) "aiding and abetting—trespass to chattels," and (14) "aiding and abetting— intentional interference with prospective economic relations."  A copy of the "Deed of Trust and Assignment of Rents" (the trust deed) was attached to the complaint as an exhibit.

3

**B.      Anti-SLAPP Motion**

On December 13, 2011, defendant filed a special motion to strike, contending that this lawsuit was a SLAPP.  Defendant argued that the lawsuit was based on the recordation or creation of the trust deed and that under section 425.16, subdivision (e)(1), the recordation or creation of the trust deed constituted a "written . . . statement or writing made before a . . . judicial proceeding."  He also contended that under section 425.16, subdivision (e)(2), the recordation or creation of the trust deed constituted a "written . . . statement . . . made in connection with an issue under consideration by . . . a judicial body, or any other official proceeding authorized by law . . . ."  More specifically, defendant asserted that the recordation or creation of the trust deed was made in connection with the financial issues under consideration or review in the dissolution action between plaintiff and his wife.

As subdivision (e)(2) is broader than, and encompasses activities protected by, subdivision (e)(1) under these facts, we refer to both section 425.16, subdivision (e)(1) and (2) as section 425.16(e)(2) hereafter for ease of reference.

In his opposition papers, plaintiff claimed that "[d]efendant's recordation of the trust deed was not a communication . . . in connection with an issue under consideration by a judicial body, but rather was an attempt to defraud Plaintiff on behalf of Defendant's sister-in-law, the party to the dissolution action.  As joint owner of the property in question, any actions taken against the property must be approved by both owners, however, Plaintiff was never consulted nor did he consent to Defendant recording any Deed of Trust against the property.  This deed was improperly and wrongly recorded, which is not a protected act . . . . Defendant engaged in fraudulent activities, intentionally interfered with Plaintiff's access, use, possession and control of his property, and intentionally interfered with Plaintiff's economic relations with buyers of the property, which again is not a protected act . . . ."

On June 19, 2012, the trial court heard and denied the anti-SLAPP motion.  The trial court's order recited:  "[T]he Complaint does not fall within any of the subdivisions of Section 425.16(e).  The Complaint arises from Defendant Daniel Boudaie's

4

recordation of a lien against real property jointly owned by Plaintiff and Plaintiff's wife. The recordation of the lien by Defendant Daniel Boudaie does not 'arise from any act of [Defendant Daniel Boudaie] in furtherance of [his] right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue.' CCP Section 425.16(b)(1). That the recordation occurred during the dissolution proceeding of Plaintiff and his wife does not change the outcome as Defendant Daniel Boudaie was not a party to the dissolution action."

Defendant filed a timely appeal.

## II

## DISCUSSION

We review the order denying the anti-SLAPP motion de novo. (See *Flatley v. Mauro* (2006) 39 Cal.4th 299, 325–326.)

On appeal, as in the trial court, defendant contends that this lawsuit is a SLAPP because it is based on his recordation or creation of the trust deed, and the recordation or creation constituted a "written . . . statement or writing . . . made in connection with an issue under consideration or review by a . . . judicial body." (§ 425.16, subd. (e)(2).) The judicial body to which defendant refers is the court handling the dissolution action.

However, defendant has failed to submit any evidence that the recordation or creation of the trust deed had any "connection with" the dissolution action. Consequently, he has not established that it was "made in connection with an issue under consideration or review by a . . . judicial body." (§ 425.16, subd. (e)(2).) Nor did he establish that the anti-SLAPP law afforded any other protections. Thus, it is not protected.

Although plaintiff has not made an appearance on appeal, our de novo review establishes the foregoing result without the need for briefing by plaintiff.

### A. Pertinent Anti-SLAPP Law

"'The Legislature enacted the anti-SLAPP statute to protect defendants . . . from interference with the valid exercise of their constitutional rights, particularly the right of freedom of speech and the right to petition the government for the redress of

5

grievances.'"  (*Contemporary Services Corp. v. Staff Pro Inc.* (2007) 152 Cal.App.4th 1043, 1052.)

The statute provides that "[a] cause of action against a person *arising from any act* of that person *in furtherance of* the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1), italics added.)  The statute is to "be broadly construed to encourage continued participation in free speech and petition activities."  (*Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi* (2006) 141 Cal.App.4th 15, 22; accord, § 425.16, subd. (a).)

Section 425.16, subdivision (e)(2) states:  "As used in [the anti-SLAPP statute,] 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes:  . . . (2) any written . . . statement or writing made in connection with an issue under consideration or review by a . . . judicial body . . . ."

In ruling on an anti-SLAPP motion, a trial court engages in a two-step process. The first step is the one at issue in this case.  As that first step, the court decides whether defendant has made a threshold showing that the cause of action arises from protected activity.  The moving defendant bears the burden of establishing this prerequisite to anti-SLAPP protection.  (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)

"To determine the applicability of . . . the anti-SLAPP statute, [courts] look to the gravamen of the instant action. . . . [T]he gravamen of an action is the *allegedly wrongful and injury-producing conduct*, not the damage which flows from said conduct." (*Renewable Resources Coalition, Inc. v. Pebble Mines Corp.* (2013) 218 Cal.App.4th 384, 387, italics in original; accord, *Trapp v. Naiman* (2013) 218 Cal.App.4th 113, 121.)

6

**B.     Defendant Has Not Borne His Burden of Establishing that the
Recordation or Creation of the Trust Deed Was a Protected Activity**

As a preliminary matter, we note that the complaint in this case is not a model of clarity. It is unclear whether the gravamen of the lawsuit is (1) the recordation of the trust deed or (2) the creation of the trust deed. Regardless of which theory is the gravamen of this action, defendant has failed to make a showing that either the recordation or creation of the trust deed was "in connection with" any issue under review in the dissolution, or any other judicial, legislative, or executive body or otherwise is protected under section 425.16, subdivision (e). Thus, he has not borne his burden of establishing any right to protection under anti-SLAPP law.

**1.  Recordation of the Trust Deed**

Defendant argues that his recordation of the trust deed was protected under the anti-SLAPP statute because it was a "written . . . statement or writing . . . in connection with an issue under consideration or review by a . . . judicial body." (§ 425.16, subd. (e)(2).) The "judicial body" he refers to was the court in which the dissolution action was pending. However, defendant has offered nothing in the way of evidence or the allegations of the complaint to link the recordation of the trust deed to any issue in the dissolution action.

Defendant has even failed to show that the dissolution action involved any real property issues. He assumes that because plaintiff and plaintiff's wife co-owned a condominium, the dissolution action must have involved that property. We are unable to jump to that conclusion.

**2.  Creation of the Trust Deed**

When plaintiff's wife executed the trust deed on November 11, 2009, neither her conduct nor the creation of the deed concerned any furtherance of any person's right to petition or free speech in connection with any public issue. Therefore, it was not a protected activity under the anti-SLAPP statute. Rather, it was a private transaction. (See *Blackburn v. Brady* (2004) 116 Cal.App.4th 670, 676–677 [business event or transaction was not protected activity under anti-SLAPP statute]; *Kachlon v. Markowitz*

7

(2008) 168 Cal.App.4th 316, 339 ["Though regulated by statute as a matter of public policy, nonjudicial foreclosure is a private procedure involving private parties, occurring pursuant to a private power of sale contained in a deed of trust" not intended to be protected under anti-SLAPP-law]; *Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 932 ["The submission of contractual claims for payment in the regular course of business before the commencement of litigation simply is not an act in furtherance of the right of petition or free speech within the meaning of the anti-SLAPP statute."]; *id.* at pp. 929–931 [explaining that cross-complaint alleged causes of action arising from cross-defendant's bidding and contracting practices, not from acts in furtherance of its right of petition or free speech].)

In sum, none of plaintiff's causes of action is based on any activity protected by the anti-SLAPP statute.

Having resolved this issue in plaintiff's favor, we need not decide whether plaintiff made a prima facie showing that he is likely to prevail on one or more causes of action at trial. (See *City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 80–81.)

The trial court properly denied the anti-SLAPP motion.

## III

## DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED.

MILLER, J.*

We concur:


ROTHSCHILD, Acting P. J.


JOHNSON, J.

---

\* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.