Filed 5/18/16  Ukoha v. REGR CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| IFEOMA UKOHA, | B258417 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC482976) |
| v. | |
| REGR, LLC, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ruth Ann Kwan, Judge.  Reversed.

Herbert Wiggins and Herbert N. Wiggins for Plaintiff and Appellant.

Payman Taheri, Michael Shemtoub for Defendant and Respondent.

_____

Plaintiff Ifeoma Ukoha alleges four causes of action to the effect that defendant wrongfully foreclosed on her property. Defendant moved to strike the complaint pursuant to Code of Civil Procedure section 425.16, the anti-SLAPP statute, arguing it arose from defendant's allegedly fraudulent conduct during a pre-foreclosure bankruptcy auction, which was a judicial proceeding within the meaning of the statute.[1] The trial court granted the motion, finding the gravamen of the complaint was protected activity. We conclude the gravamen of the lawsuit was the foreclosure, not the bankruptcy auction. Therefore, anti-SLAPP protection is unavailable to defendant. Accordingly, we reverse.

## BACKGROUND

We take the facts from the second amended complaint, accepting them as true for purposes of this appeal. Nothing in this opinion should be construed as a resolution of a disputed issue of fact or as a determination that any fact is undisputed.

### A. Real Estate Transactions and Bankruptcy

3904 Gibraltar Avenue Trust owned a 17-unit apartment building located at 3904 Gibraltar Avenue in Los Angeles. The trustee was either Savvy Real Estate, Inc., (Savvy) or Trustee Properties, LLC (TPLLC). David Behrend was the owner and executive officer of both entities. The property was encumbered by a $1.1 million promissory note for a loan made by Velocity Commercial Capital Bank (Velocity Bank) to TPLLC at 6.5 percent interest, secured by a deed of trust in favor of the bank. The deed of trust gave Velocity Bank the right to sell the property in case TPLLC defaulted on the loan. The note and deed of trust were recorded on September 30, 2005.

Two days before the first note and trust deed were recorded, on September 28, 2005, 3904 Gibraltar Avenue Trust sold the property for $1.85 million to plaintiff, who made a $500,000 down payment and executed a second promissory note, for $1.35

---

[1] Unspecified statutory references are to the Code of Civil Procedure. SLAPP is an acronym for strategic lawsuit against public participation. (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 71-72 & fn. 1 (*City of Cotati*).)

million with a 6.625 percent interest rate, in favor of 3904 Gibraltar Avenue Trust, secured by a second deed of trust.

The second promissory note stated the principal amount due on the note included the principal balance owed to Velocity Bank on the first note. The second note also stated that Behrend would make payments on the first note from payments received from plaintiff on the second note. However, Behrend informed plaintiff he owned or controlled Velocity Bank, and she would be the senior lienholder.

On March 25, 2010, Behrend filed for Chapter 7 bankruptcy reorganization in the United States Bankruptcy Court for the Central District of California.

Behrend then caused the trustee of 3904 Gibraltar Avenue Trust to assign the second note and deed of trust to himself in his personal capacity, making them part of his bankruptcy estate.

At some point the bankruptcy trustee converted Behrend's Chapter 7 bankruptcy reorganization to a Chapter 11 liquidation, and in September 2011 moved in the bankruptcy court for authorization to sell at auction the estate's interest in the second note and trust deed, with a minimum purchase price of $6,000.

Behrend, Savvy, TPLLC and 3904 Gibraltar Avenue Trust colluded with a real estate investor, REGR, LLC, to manipulate the bankruptcy auction sales price, exclude plaintiff from bidding, and purchase the note and trust deed for $6,000. On November 14, 2011, REGR purchased the note and trust deed at the auction for $6,000.

At some point Behrend also caused TPLLC to default on the first promissory note.

On January 23, 2012, REGR served and recorded a notice of default and election to sell under the second trust deed, falsely alleging plaintiff was in default on the second note in the amount of $341,793.88, when she actually had a credit of more than $200,000. The property was thereafter sold to a third party.

**B.      Plaintiff's Complaint**

Plaintiff sued REGR. After several rounds of law and motion practice, including one appeal, the second amended complaint is operative. In it, plaintiff alleges causes of

action for breach of contract, unfair business practices, slander of title, and unjust enrichment, and seeks an accounting and declaratory relief.

1.      Breach of Contract

In her first cause of action, plaintiff alleges REGR breached the second trust deed by failing to credit plaintiff for all payments she had made or to make an accounting before attempting to foreclose on the second note.

2.      Unfair Business Practice and Unjust Enrichment

In her second and fifth causes of action, plaintiff alleges REGR's collusion with Behrend to fix the bid price of the second note and trust deed at the bankruptcy auction, breach of contract, failure to credit payments she had made, and institution of foreclosure proceedings when she was not in default violated federal law and constituted unfair business practices within the meaning of Business and Professions Code section 17200 et seq.

3.      Slander to Title

In her third cause of action, plaintiff alleges REGR's wrongful foreclosure was predicated on false, disparaging statements about the state of title.[2]

4.      Accounting and Declaratory Relief

Based on the above allegations, plaintiff seeks declaratory relief and accounting captioning these remedies as separate causes of action.  No new substantive allegations are made, but plaintiff alleges REGR owes her fiduciary duties under the "fraudulent conveyance doctrine."

C.    **Special Motion to Strike**

On April 24, 2014, REGR demurred to the second amended complaint and moved to have portions of it stricken.  It also specially moved to strike the complaint pursuant to section 425.16, arguing it was "nothing but a collateral attack on the validity of the sale conducted by the United States Bankruptcy Court," and all causes of action arose from REGR's "activities in furtherance of its constitutional right to free speech and its acts in

---

[2] We express no opinion as to the adequacy of plaintiff's allegations.  Plaintiff also alleges two further "causes of action," for accounting and declaratory relief.

4

relation to judicial proceedings." REGR argued that because its purchase of the second note occurred as part of bankruptcy proceedings, plaintiff's allegations of wrongful foreclosure on the note constituted "an attack on the entirety of the Bankruptcy laws of this Nation." "Purchasing property at a judicially conducted sale is an act that is undeniably an act that is protected by [Code of Civil Procedure] §425.16," REGR argued, so "preparing for another judicial proceeding, namely a judicial [*sic*: nonjudicial] foreclosure, is also an act that is undoubtedly protected."

The trial court agreed, finding the complaint contained two main allegations: (1) The foreclosure was improper because REGR failed to credit plaintiff's payments on the second note; and (2) "Defendant did not have authority to serve and record the notice of default and notice of bankruptcy auction because Defendant's acquisition of said documents and commercial property was fraudulent."[3] The court found plaintiff alleged in the complaint that REGR colluded with Behrend, Savvy, TPLLC and 3904 Gibraltar Avenue Trust "to manipulate the auction price at the bankruptcy auction to artificially set the price under fair market value and to guarantee that Defendant was the winning bidder at the auction." Therefore, the court found, plaintiff's complaint "focuses on Defendant's alleged participation in bankruptcy and the purchase of Note Two and Deed of Trust Two at the bankruptcy auction based upon the fraudulent and collusive agreement between Defendant and his successors-in-interest. Thus, the gravamen of Plaintiff's causes of action herein is that Defendant obtained title to the property by fraudulently participating in the bankruptcy proceeding in purchasing Note Two and Deed of Trust Two at the bankruptcy auction for a discounted price (i.e. 'for pennies on the dollar')." "Without the improper purchase of the second note and second deed of trust, there could be no serving/recording of a notice of default/notice of bankruptcy auction. One begets the other. Defendant would not have any standing to serve/record any notice of default or any notice of bankruptcy auction. As such, the protected activity is germane and not incidental to the unprotected activity." The court held that "[b]ecause the improper

---

[3] It is unclear why the trial court believed REGR served and recorded the trustee's notice of bankruptcy auction. That notice was served by the bankruptcy trustee.

purchase at the bankruptcy proceeding is non-incidental protected conduct, Plaintiff's causes of action arise out of protected activity." It then found plaintiff failed to establish a probability of prevailing in the action, and therefore granted REGR's motion and later awarded REGR attorney fees.

Plaintiff appeals only from the order granting the anti-SLAPP motion.

## DISCUSSION

### A.     Legal Principles and Standard of Review

Section 425.16 provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) "'[A]ct in furtherance of a person's right of petition or free speech' . . . includes:  (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law . . . ." (*Id.*, subd. (e).)  Section 425.16 is to be construed broadly.  (*Id.*, subd. (a).)  A cause of action arising from the defendant's litigation activity may be subject to a special motion to strike.  (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056.)

We review the trial court's ruling de novo (*Grewal v. Jammu* (2011) 191 Cal.App.4th 977, 988), using a two-prong approach (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67).  We determine first whether the moving party has made a threshold showing that the challenged cause of action arises from protected activity.  (*Navallier v. Sletten*, *supra*, 29 Cal.4th at p. 88.)  If the moving party meets this burden, we determine whether the opposing party has established a probability of prevailing on the claim.  (*Ibid.*)  "Only a cause of action that satisfies *both* prongs of the

6

anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute." (*Id.* at p. 89.)

Simply because a lawsuit was filed after protected activity occurred does not mean the action arose from the protected activity. (*City of Alhambra v. D'Ausilio* (2011) 193 Cal.App.4th 1301, 1307.) In determining whether the threshold "arising from" requirement is met, we look for "the *principal thrust or gravamen* of plaintiff's cause of action." (*Martinez v. Metabolife Internat., Inc.* (2003) 113 Cal.App.4th 181, 188.) "Although a party's litigation-related activities constitute 'act[s] in furtherance of a person's right of petition or free speech,' it does not follow that any claims associated with those activities are subject to the anti-SLAPP statute. To qualify for anti-SLAPP protection, the moving party must demonstrate the claim 'arises from' those activities. A claim 'arises from' an act when the act '"'forms the basis for the plaintiff's cause of action' . . . .'"' [Citation.] '[T]he "arising from" requirement is not always easily met.' [Citation.] A cause of action may be 'triggered by' or associated with a protected act, but it does not necessarily mean the cause of action *arises* from that act." (*Kolar v. Donahue, McIntosh & Hammerton* (2006) 145 Cal.App.4th 1532, 1537.) Thus, the "anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's *activity* that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning." (*Navallier v. Sletten*, *supra*, 29 Cal.4th at p. 92.)

## B. The Gravamen of Plaintiff's Complaint was the Foreclosure

Plaintiff argues none of her causes of action arose from protected activity. We agree.

Preliminarily, we wish to clear up an apparent misconception. The parties and the trial court apparently believe that bidding in a bankruptcy auction constitutes protected activity for purposes of the anti-SLAPP statute. It does not. (*Blackburn v. Brady* (2004) 116 Cal.App.4th 670 [allegedly fraudulent bid at a public auction is not protected because a public sale is not an "official proceeding" within the meaning of the anti-SLAPP

7

statute, but rather a "ministerial event" that does not "concern an issue under review or determine some disputed matter as contemplated under the anti-SLAPP law"].)

In any event, none of plaintiff's complaint depends on REGR's conduct during the bankruptcy sale. In her cause of action for breach of contract, plaintiff alleges REGR breached the second trust deed by failing to credit her for all payments she had made and by failing to make an accounting before attempting to foreclose on the second note. In her causes of action for unfair business practice and unjust enrichment, plaintiff alleges REGR's (1) collusion with Behrend to fix the bid price of the second note and trust deed at the bankruptcy auction, (2) breach of contract, (3) failure to credit payments she had made, and (4) institution of foreclosure proceedings when she was not in default violated federal law. In her cause of action for slander of title, plaintiff alleges REGR's wrongful foreclosure was predicated on false, disparaging statements about the state of title.

Thus, with one exception, each of these causes of action is predicated on REGR's conduct during foreclosure, *after* the bankruptcy auction. The one exception is that plaintiff alleges REGR's collusion with Behrend to fix the bid price of the second note and trust deed at the bankruptcy auction also constituted an unfair business practice. But because this is the only reference to that act in her operative allegations, and because she gives no explanation in the cause of action how this injured her, the allegation is not the principal thrust of the cause of action.

REGR argues plaintiff's repeated mention of the bankruptcy auction in the complaint means the auction forms the gravamen of the complaint. We disagree. Although in the "Parties" and "General Allegations" sections of the complaint plaintiff goes on and on about the bankruptcy auction, in her actual causes of action she barely mentions it. In the one cause of action that does mention the auction, REGR's conduct is just one of four acts alleged to constitute an unfair business practice. The only other mention occurs obliquely in plaintiff's prayers for declaratory relief and an accounting, where she alleges that under the "fraudulent conveyance doctrine," REGR owes fiduciary duties to her. We assume plaintiff means that because REGR obtained the second note and trust deed by defrauding the bankruptcy trustee, it holds them in constructive trust for

8

her and owes her the duties a trustee would owe a beneficiary.  Plaintiff does not explain what difference such heightened duties would make during an accounting.

We conclude the trial court incorrectly found plaintiff's causes of action arose from protected activity.  REGR's anti-SLAPP motion therefore should have been denied. We need not determine whether a probability exists that plaintiff will prevail on her causes of action.  Nor will we address plaintiff's arguments that the anti-SLAPP motion was barred by res judicata, that REGR should have been denied attorney fees (REGR concedes that a substantive reversal will nullify the attorney fee award), or that the trial court was not impartial.

## DISPOSITION

The clerk of the superior court is ordered to vacate its order granting defendant's special motion to strike and enter a new order denying the motion.  Plaintiff is to recover her costs on appeal.

NOT TO BE PUBLISHED.


                                                          CHANEY, J.


We concur:


        ROTHSCHILD, P. J.


        LUI, J.


9