Filed 5/26/22  Gavin v. Massis CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| TREASA GAVIN et al.,<br><br>        Plaintiffs and Respondents,<br><br>v.<br><br>NIMER MASSIS et al.,<br><br>        Defendants and Appellants. | A162403<br><br>(San Mateo County<br>Super. Ct. No. 20CIV03806) |

Defendants and appellants Nimer Massis, Jennifer Nushwat (collectively, Sellers) and George Wynns[1] appeal an order denying in part their anti-SLAPP motion seeking to strike the complaint of plaintiffs and respondents Treasa Gavin, Patrick Gavin, and John Gavin (collectively, Buyers).  The relevant causes of action are the first cause of action for fraudulent concealment, the second cause of action for fraudulent misrepresentation, and the third cause of action for fraudulent inducement.

We affirm the trial court's order denying in part Sellers' anti-SLAPP motion.

---

[1]  George Wynns was named as a defendant in the complaint and was Nimer Massis and Jennifer Nushwat's attorney in their prior civil action against Buyers that resulted in a default judgment.

1

# BACKGROUND

This case arises out of the purchase of a liquor store business in San Francisco, California (the Business). In July 2016, Sellers entered into a purchase agreement to sell the Business to Buyers for $130,000. At this time, Sellers were leasing the property at which the Business operated. Under the purchase agreement, Sellers would assign or transfer their lease to Buyers, but if the landlord declined to transfer the lease to Buyers by October 31, 2016, the agreement would be cancelled.

Buyers made an initial payment of $60,000 towards the purchase price. Sellers financed the balance of the purchase price, which Buyers agreed to pay in monthly installments of $10,000. Sellers contend that Buyers stopped paying after making one payment. On July 10, 2018, Sellers, represented by Wynns, filed a civil action in San Francisco Superior Court against Buyers for breach of contract (the Prior Action). Sellers obtained a default judgment after Buyers failed to file a response in the Prior Action. Sellers then obtained an order of sale for a property owned by Buyers and an order for assignment of rents against Buyers. Sellers then commenced collection efforts.

On September 4, 2020, Buyers filed the complaint that is the subject of this appeal (the Complaint), alleging fraud and unjust enrichment and requesting that the default judgment against them be set aside. Sellers contend that Buyers filed the Complaint in retaliation for Sellers' filing of the Prior Action, obtaining a default judgment, and undertaking collection efforts. The Complaint alleged that the purchase agreement was cancelled because Sellers' lease was never transferred or assigned to Buyers. It further alleged that although Sellers were aware that the agreement was cancelled,

2

they initiated the Prior Action and fraudulently claimed that Buyers had breached the cancelled agreement.

The first three causes of action for fraud alleged that prior to the execution of the purchase agreement, Sellers 1) mispresented the amount they paid in rent; 2) misrepresented the amount the Business received in monthly profits; and 3) misrepresented that the lease was transferable or assignable while concealing the fact that the landlord did not want a liquor store at the subject property.  The Complaint further alleged that Buyers sustained damages of not less than $250,000 as a result of Sellers' misrepresentations and conduct.

In response, Sellers filed a special motion to strike the Complaint under Code of Civil Procedure section 425.16 (the anti-SLAPP statute).[2] Sellers argued that Buyers' claims all arose from protected activity as they stem from Sellers' commencement of the Prior Action, the default judgment obtained, and Sellers' efforts to collect on this judgment.  Sellers further argued that Buyers did not have a reasonable probability of prevailing on these claims because they were all barred by the litigation privilege.  Buyers opposed the motion on the grounds that their fraud claims were based on misrepresentations made in the 2016 purchase transaction and not on any acts in furtherance of Sellers' right of petition or free speech in connection with the Prior Action.

In March 2021, the trial court denied Sellers' motion as to the first, second and third causes of action for fraud.[3]  Because the court found that

---

[2]  All further statutory references are to the Code of Civil Procedure unless otherwise noted.

[3]  The trial court granted Sellers' motion as to the fourth cause of action to set aside the default judgment and the fifth cause of action for unjust enrichment.  The trial court found that these causes of action arose from

3

Sellers did not meet their burden in establishing that these causes of action arose from protected activity, it did not analyze Buyers' probability of prevailing on these claims. Sellers timely appealed.[4]

## DISCUSSION

## I.

### *Anti-SLAPP Law and Standard of Review*

The anti-SLAPP statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).) Section 425.16, subdivision (e) defines acts in furtherance of the rights of petition and free speech to mean, "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."

---

protected activity and that Buyers did not establish a probability of prevailing on these claims.

[4] An order granting or denying a special motion to strike is appealable under section 904.1. (§ 425.16, subd. (i).)

4

"In ruling on an anti-SLAPP motion, the trial court engages in a two-step process. 'First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity. The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined in the statute. [Citation.] If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on that claim.'" (*Tichinin v. City of Morgan Hill* (2009) 177 Cal.App.4th 1049, 1060, quoting *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.) "'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.'" (*Haneline Pacific Properties, LLC v. May* (2008) 167 Cal.App.4th 311, 318, quoting *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89.)

"That a cause of action arguably may have been triggered by protected activity does not entail that it is one arising from such." (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) Rather, "the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. (*Ibid*.) In determining whether a cause of action arises from protected activity, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2).)

We review de novo a trial court's ruling granting or denying an anti-SLAPP motion. (*Richmond Compassionate Care Collective v. 7 Stars Holistic*

5

*Foundation, Inc.* (2019) 32 Cal.App.5th 458, 466-467.) Like the trial court, "we consider 'the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.' [Citation.] However, we do not weigh credibility or compare the weight of the evidence. [Citation.] Rather, we accept as true evidence favorable to the plaintiff, determine whether the plaintiff has made a prima facie showing of facts necessary to establish its claim at trial, and evaluate the defendant's evidence only to determine whether it defeats that submitted by the plaintiff as a matter of law." (*Tichinin v. City of Morgan Hill*, *supra*, 177 Cal.App.4th at p. 1061.)

## II.

### *Whether Conduct Arises from Protected Activity Under Prong 1 of the Anti-SLAPP Analysis*

To prevail on an anti-SLAPP motion, a defendant must first demonstrate that the " 'conduct by which plaintiff claims to have been injured falls within one of the four categories described in subdivision (e) [of section 425.16]' [citation], and that the plaintiff's claims in fact *arise* from that conduct. [Citation.]" (*Rand Resources, LLC v. City of Carson* (2019) 6 Cal.5th 610, 620.) As our Supreme Court has held, "the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech." (*City of Cotati v. Cashman, supra,* 29 Cal.4th at p. 78.) "[T]he mere fact that an action was filed after protected activity took place does not mean the action arose from that activity for purposes of the anti-SLAPP statute." (*Navellier v. Sletten, supra,* 29 Cal.4th at p. 89.) Instead, the court focuses on "the elements of the challenged claim and what actions by the defendant supply those elements and consequently form the basis for liability." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1063.)

6

"In determining whether the anti-SLAPP statute applies in a given situation, we analyze whether the defendants' (here, the [Sellers']) act underlying the plaintiff's ([Buyers']) cause of action was an act by the defendants in furtherance of their right of petition or free speech. [Citation.] The '*principal thrust* or *gravamen*' of the plaintiff's claim determines whether section 425.16 applies. [Citations.]" (*Renewable Resources Coalition, Inc. v. Pebble Mines Corp.* (2013) 218 Cal.App.4th 384, 394-395.) "The 'meaning of gravamen' is clear; "gravamen" means the "material part of a grievance, charge, etc." (Webster's New Internat. Dict. (2d ed. 1957) unabridged.)' [Citation.] [¶] In the context of the anti-SLAPP statute, the 'gravamen is defined by *the acts on which liability is based . . . .*' [Citation.] The 'focus is on the principal thrust or gravamen of the causes of action, i.e., *the allegedly wrongful and injury-producing conduct* that provides the foundation for the claims. [Citations.]' [Citation.]" (*Id.* at p. 396.)

If the conduct on which the plaintiff's claim is premised does not rest on protected speech or petitioning activity, collateral or incidental allusions to protected activity will not trigger application of the anti-SLAPP statute. (*Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1272.) The litigation privilege is relevant "as an aid in construing the scope of subdivision (e)(1) and (2) with respect to the first step of the two-step anti-SLAPP inquiry—that is, by examining the scope of the litigation privilege to determine whether a given communication falls within the ambit of subdivisions (e)(1) and (2)." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 322-323.)

*Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921 (*Kajima Engineering*) is instructive here. After Kajima Engineering and Construction, Inc. (Kajima) sued the City of Los Angeles for

7

nonpayment on a construction contract, the city filed a cross-complaint against Kajima that asserted breach of contract and breach of the covenant of good faith, among other causes of action. (*Id.* at pp. 923-924.) Kajima filed a special motion to strike the cross-complaint. The trial court struck one cause of action for violation of the False Claims Act because it was based on the filing of Kajima's underlying complaint. (*Id.* at p. 926.) Kajima appealed, contending the trial court erred because the entire cross-complaint had been filed " 'in retaliation for Kajima's exercise of its constitutional right to petition.' " (*Ibid.*)

The appellate court rejected Kajima's argument that the city's entire cross-complaint arose from protected activity. (*Kajima Engineering, supra,* 95 Cal.App.4th at p. 929.) The court explained, "Kajima wrongly focuses on the City's filing of the amended cross-complaint as a supposed act of retaliation without demonstrating, as it must under the anti-SLAPP statute, that the amended cross-complaint 'alleges acts in furtherance of [Kajima]'s right of petition or free speech in connection with a public issue.' [Citation.] This error is fatal to Kajima's motion: The amended cross-complaint alleges causes of action arising from Kajima's bidding and contracting practices, not from acts in furtherance of its right of petition or free speech." (*Ibid.*)

Similarly, in *Moriarty v. Laramar Management Corp.* (2014) 224 Cal.App.4th 125, a landlord had filed an unlawful detainer action and obtained a default judgment against a tenant. (*Id.* at p. 130.) The tenant then filed a complaint for breach of habitability, violation of the rent ordinance, wrongful eviction, and other causes of action against the landlord. (*Id.* at p. 128.) The landlord filed an anti-SLAPP motion and argued that the complaint was premised on the landlord's pursuit of the unlawful detainer action and default judgment for possession. (*Id.* at pp. 130-131.) This court

8

disagreed and affirmed the trial court's denial of the anti-SLAPP motion, concluding that the landlord had failed to show the complaint was based even in part on the unlawful detainer action or default judgment. And even assuming the unlawful detainer action was incidental to the tenant's claims, "the anti-SLAPP statute does not apply where any allegations of protected activity are only incidental to the thrust of the complaint." (*Id.* at pp. 139-140.) The mere fact that a lawsuit was triggered or preceded by protected activity did not mean that it was *based* on protected activity. (*Id.* at p. 138.)

## III.

### *The Subject Fraud Causes of Action Did Not Arise from Protected Activity.*

Sellers argue that Buyers filed the Complaint in response to or in retaliation for Sellers' collection efforts pursuant to their default judgment. Although the Prior Action may have triggered the filing of the Complaint, Sellers fail to demonstrate that the acts underlying the fraud causes of action are *themselves* based on acts in furtherance of the right of petition or free speech.[5] Under the first prong of the anti-SLAPP statute, the focus is on the conduct on which liability is based, not the motives for such conduct. (*Hunter v. CBS Broadcasting Inc.* (2013) 221 Cal.App.4th 1510, 1520.) Whether Buyers had a retaliatory motive in filing the Complaint is immaterial to the analysis.

The gravamen or core injury-producing conduct of Buyers' fraud causes of action is Sellers' alleged misrepresentation of facts pertaining to the sale of the Business in 2016. The first cause of action for concealment alleges that

---

[5] The Complaint had also included a fourth cause of action to set aside the default judgment and a fifth cause of action for unjust enrichment. The trial court found that these causes of action did arise out of protected activity because they were based on statements made in the Prior Action and Sellers' collection efforts following the default judgment.

9

Sellers concealed the true rent amount they were paying and concealed that the landlord would not consent to transferring or assigning the lease to Buyers. The second and third causes of action for misrepresentation and fraudulent inducement allege that Sellers misrepresented the Business's monthly profits as higher than they were, the rent amount Sellers paid, and the transferability of the lease. Buyers allege that they relied on these misrepresentations and were harmed as a result. These alleged misrepresentations and conduct are not protected activity under the anti-SLAPP statute. Indeed, neither the Prior Action nor Sellers' collection efforts pursuant to the default judgment are mentioned in any of these causes of action. The default judgment and related collection efforts undertaken two years after Buyers purchased the Business are in no sense the gravamen of Buyers' fraud claims.

Sellers nonetheless argue that the only injury-producing conduct on which Buyers' fraud claims are based is Sellers' pursuit of the Prior Action, not the alleged fraud that occurred prior to the execution of the purchase agreement. Sellers contend the alleged fraud "did not become 'injury-producing' conduct until [Sellers] obtained a default judgment against [Buyers]" and "initiat[ed] collection proceedings against [them]." Sellers argue that the claims are therefore barred by the litigation privilege. We disagree.

First, the litigation privilege of Civil Code section 47 applies to "publication[s] required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation." (*Silberg v. Anderson* (1990) 50 Cal.3d 205, 212.) Although even publications made outside the courtroom can be subject to the privilege, they must "have some connection or logical relation" to an action. (*Ibid.*; *Action Apartment Assn., Inc. v. City of*

10

*Santa Monica* (2007) 41 Cal.4th 1232, 1241.) Sellers' contention that the litigation privilege immunizes their conduct founders on the shoals of the premise we have already rejected: that the fraud causes of action are based on statements relating to the Prior Action.

Although it may be the case, as Sellers claim, that their pursuit of the Prior Action that resulted in a default judgment and subsequent collection efforts contributed to some of the damages Buyers claim to have suffered, the fraud causes of action allege that Buyers suffered damages from the misrepresentations relating to the purchase transaction, independent of the Prior Action and judgment. The Complaint alleges that Buyers "sustained damage as a result of the concealment in an amount not less than $200,000. Buyers also alleged and provided declarations stating that they relied on Sellers' statements regarding the Business's profits and rents and the assignability of the lease, that they invested time and money in the property making payments toward the purchase price and remodeling the premises, and that had they known the Business's profits and rent were less than what Sellers represented, they "would not have acted as [they] did" and either would have bargained for a lower purchase price or would not have purchased the Business at all. Of course, it will be Buyers' burden to prove causation and damages at trial.

Sellers contend that Buyers are required to allege facts to support the calculation of their damages as well as how these damages were caused by Sellers' alleged misrepresentations about the Business's profits and rent amount. Buyers' allegations on these matters are to a large extent conclusory. But as Sellers themselves point out in their reply brief, " 'In making its determination' on an Anti-SLAPP motion, 'the court shall consider the pleadings, *and supporting and opposing affidavits* stating the facts upon

11

which the liability or defense is based.' ([] § 425.16[, subd.] (b)(2); *see Wilson v. Cable News Network, Inc.* (2019) 7 Cal.5th 871, 887 (a complaint's allegations should not be given 'credence in the fac[e] of contrary evidence at the first step' because '*courts must look beyond the pleadings to consider any party evidentiary submissions.*')" (Italics added.)

Second, as Sellers point out in their opening brief, the focus in an anti-SLAPP analysis is the alleged wrongful and injury-producing conduct, not the damage that flows from the conduct. (*Renewable Resources Coalition, Inc. v. Pebble Mines Corp., supra,* 218 Cal.App.4th at pp. 396-397.) Sellers insist that the injury-producing conduct was their filing of the Prior Action, obtaining the default judgment, and collecting on that judgment. They simply ignore, as if it had not been alleged, the key conduct comprising Buyers' fraud causes of action—Sellers' misrepresentations in connection with the sale. They also ignore the test set out in their own brief: that the court considers "whether the allegations referring to arguably unprotected activity are only incidental or collateral to a cause of action based essentially on protected activity" and "examine[s] the principal thrust or predominant nature of the complaint to determine applicability of the anti-SLAPP statutory scheme." (*Wang v. Wal-Mart Real Estate Business Trust* (2007) 153 Cal.App.4th 790, 802.)

Here, Sellers do not argue that the misrepresentations and omissions regarding the purchase transaction are not the "principal thrust" of Buyers' fraud causes of action. Nor do they argue those misrepresentations and omissions "are only incidental or collateral to a cause of action based" on Sellers' acts in prosecuting the Prior Action and collecting on the default judgment. Except for incorporation of earlier allegations by reference, the conduct of filing the Prior Action and collecting on the default judgment is

12

nowhere mentioned in the fraud causes of action in Buyers' complaint. At most, the Prior Action and default judgment were the means by which Sellers ultimately benefited from their alleged fraud and contributed to Buyers' injuries. But it is undeniable that the core allegations in the fraud causes of action were the alleged misrepresentations and omissions about the profits and rents of the Business and the assignability of the lease. That conduct is the sine qua non of Buyers' injuries. If those misrepresentations had not been made, Buyers arguably would not have entered the purchase agreement or would have done so for a price more commensurate with the true value of the Business. In the latter event, even if Sellers had instituted the Prior Action, obtained the default judgment, and collected on that judgment, those actions would not have caused Buyers to suffer any wrongful injury. Buyers would not have overpaid for the purchase of a business worth far less than they were led to believe. Sellers' action would have been meritorious, and any injury Buyers would suffer from the Prior Action would have been self-inflicted.

Finally, in their reply brief, Sellers continue to emphasize that Buyers only brought the fraud claims because they "realized that the expense of paying [Sellers] under the default judgment is substantially greater than they calculated." Although it may be the case that Sellers' Prior Action, default judgment and collection efforts triggered Buyers' claims, as ample case authorities have explained this does not mean that these claims *arose* from protected activity.

Because we conclude that the conduct underlying Buyers' fraud causes of action is not protected activity under the first prong of the anti-SLAPP statute, we need not reach the second prong of the analysis as to whether Buyers have established a probability of prevailing on their causes of action.

13

## IV.

### *Respondents' Request for Attorney Fees*

In the concluding section of their brief, Buyers request that this court award $38,750.00 in attorney fees for the time spent by Buyers' attorney in responding to this appeal. "A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise." (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499.) The anti-SLAPP statute provides for attorney fees to be awarded to a prevailing plaintiff "[i]f the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay." (§ 425.16, subd. (c)(2).) The statute does not preclude recovery of appellate attorney fees. Hence, they are recoverable if the plaintiff demonstrates that the appeal was frivolous or interposed solely for purposes of delay. (*Evans,* at p. 1500.)

Buyers argue this appeal was frivolous and therefore they are entitled to the attorney fees they incurred on appeal. " ' "Frivolous" means (A) totally and completely without merit or (B) for the sole purpose of harassing an opposing party.' ([§ 125.5,] [s]ubd. (b)(2).) . . . . 'Sanctions are warranted only if the moving party meets its burden of proving that the opposing party's action or tactic was (1) totally and completely without merit, measured by the objective, "reasonable attorney" standard, or (2) motivated solely by an intention to harass or cause unnecessary delay, measured by a subjective standard. [Citations.] Whether sanctions are warranted depends on an evaluation of all the circumstances surrounding the questioned action. [Citation.]' [Citation.]" (*Wallis v. PHL Associates, Inc.* (2008) 168 Cal.App.4th 882, 893.)

This court has repeatedly expressed concern about the abuse of appeals by defendants from denials of anti-SLAPP motions, which have the effect of

14

staying the underlying proceedings and delaying the resolution of the case. (*Grewal v. Jammu* (2011) 191 Cal.App.4th 977, 1000-1004; *Central Valley Hospitalists v. Dignity Health* (2018) 19 Cal.App.5th 203, 206, 221-223; *Oakland Bulk and Oversized Terminal, LLC v. City of Oakland* (2020) 54 Cal.App.5th 738, 760-765.) We are receptive to motions for sanctions when defendants pursue frivolous appeals from denial of anti-SLAPP motions.

However, Buyers here have the burden to show that no reasonable attorney could have concluded that plaintiffs' causes of action were based on protected conduct. Buyers' request for their fees, contained in the conclusion to their opening brief, is, to put it kindly, perfunctory. It is not presented in the form a motion, which is required by rule 8.276 of the California Rules of Court. But putting substance over form, more problematic is that Buyers' discussion of the frivolity of Sellers' appeal consists of a three-sentence paragraph, the gist of which is that we may "infer" Sellers' motivation for the appeal was to delay the prosecution of the action "from the absence of any arguable merit." While we agree that the appeal lacks merit, we note that Buyers' complaint certainly alleged some protected activity, as did the declarations they filed in opposition to the anti-SLAPP motion, and the trial court granted Sellers' anti-SLAPP motion as to two of the Complaint's causes of action—a ruling from which Buyers wisely do not appeal. In any event, a party seeking fees for a frivolous appeal must do more than state in conclusory fashion at the end of their brief that the appeal is frivolous or motivated by a desire to delay. At minimum, such a request should include a discussion of prior precedents and the obviousness of their application to the particular case at issue. It is not within this court's role to make the argument for them.

## DISPOSITION

The judgment is affirmed.  Respondents' request for attorney fees is denied.  Respondents shall recover their costs on appeal.

_____

STEWART, J.



We concur.


_____

RICHMAN, Acting P.J.



_____

MILLER, J.



*Gavin v. Massis* (A162403)

17